McDougald *vs.* Hall.

No. 29.—DANIEL MCDOUGALD, plaintiff in error *vs.* HARVEY HALL, defendant in error,

[1.] A third person, who is not a party to the record, will not be permitted to make objections to the foreclosure of a mortgage, under our statute, until he has been regularly made a party by the judgment of the court.

.Foreclosure of Mortgage. Objections thereto by a third person, not a party, overruled. From Muscogee Superior Court. May Term, 1847. Judge ALEXANDER presiding.

Harvey Hall filed his petition for foreclosure of a mortgage, made to him by Wheelock and Willard, of certain lots of land. A *rule nisi* was granted and duly served on the mortgagors; and, at the May Term, 1847, of the Court below, the said Hall moved that his rule be made absolute. This motion was resisted by Daniel McDougald, the plaintiff in error, who alleged his objections in writing, that he was himself the owner of a part of said land; that the mortgage had been foreclosed before the land was sold under it, and that at the sale he had purchased a part thereof; that there was nothing due upon the mortgage; that Wheelock and Willard never had any title to the land, and that he himself held a mortgage from Nathan P. Willard, the true owner. There were several other objections made by the said McDougald, all of which would have been good pleas if held by the mortgagors.

The Court below overruled the objections, deciding that said McDougald was a stranger to the suit, not being a party thereto, and had no right to interfere to prevent the rule absolute.

To this decision McDougald excepted, and the same is assigned for error.

The counsel for the defendant in error, joined issue with a *protestando*, demurring to the writ of error, on the ground that the same was not filed and prosecuted by any party or privy to the suit pending.

JONES, BENNING & JONES, submitted the following points and authorities:

∙ 1st. The law of Georgia only alters the mode of foreclosing a mortgage, not the rights of the parties.

McDougald vs. Hall.

2d. According to the law and practice in England, a bill had to be filed to foreclose a mortgage on real estate, and all parties interested had to be made parties.

3d. If subsequent incumbrancers were not made parties, they could file a new bill and open the decree.

Authorities.—*Prince*, 423; *Calvert on Parties*, 128; *Powell on Mortgages*, 306; *2 Mad. Ch.* 188; *ib.* 128; *3 Ves. Jr.* 317; *ib.* 129; *ib.* 130; *2 Vern.* 185; *ib.* 518; *ib.* 601; *Story Eq. Jur.* 193, *(2) note 1 on page* 227; *3 John. Ch. R.* 459; *Story Eq.* 195; *Prince*, 420; *(5 Con. Eng. Ch.* 5;) *1 Russ. & Myln*, 332, 426, 539.

HINES HOLT, for the defendant in error, cited the following authorities. *2 Tidd. Prac.* 1135 *et seq.*; *Ala. R.* 131; *4 Porter R.* 421.

*By the Court.*—WARNER, J., delivering the opinion.

The record in this case shows, that Hall, the defendant in error, was proceeding to foreclose a mortgage against Wheelock and Willard, in the Court below, and that Daniel McDougald, who was *no party to the record or proceedings* in that Court, filed objections, in writing, against the foreclosure of Hall's mortgage.

Whether McDougald would have been entitled to have [1.] been made a *party* to the proceeding in the Court below, on a proper application for that purpose, it is not necessary for us now to determine. His application was not to be *made a party* to the suit in the Court below—he only appeared by his counsel, and offered *objections* to the foreclosure of the mortgage; and contends that that would have the effect to make him a party. We do not think so, nor do we think he had any right to be heard, until he was regularly made a party, by the *judgment of the court*. It would be intolerable, and greatly embarrass the proceedings in courts of justice, if individuals, at their pleasure, could be permitted to interlope into cases to which they were not parties, and make objections. If McDougald has such rights and interests in the mortgaged property as is suggested by his counsel, we do not see in what manner they are to be prejudiced by the foreclosure of the mortgage, as between other parties. When the judgment of foreclosure had between the parties to the record in this case, shall be made to operate on his interests, he will have ample op-

portunity to assert them : the judgment of foreclosure between Hall and Wheelock and Willard, will not foreclose any rights which he may have to the mortgaged property, unless he claims title under them. Let the judgment of the Court below be affirmed.

Judgment affirmed.