HEARN *et al. v.* CLARE *et al.*

HOLDEN, J. 1. Persons are not parties to litigation solely by reason of the fact that one of the parties thereto is a corporation of which such persons are stockholders. *Blackman* v. *Central R. Co.*, 58 *Ga.* 189.

2. Where, upon a petition duly filed, the assets of a corporation have been placed in the hands of receivers, no one can have a hearing of his petition in such litigation, in aid of the original petition, asking for injunction, a removal of the receivers and the appointment of others in their stead, and for other relief, before becoming a party to such litigation. *Branan* v. *Baxter*, 122 *Ga.* 222 (50 S. E. 45); *Bradford* v. *Cooledge*, 103 *Ga.* 753 (30 S. E. 579); *Citizens Bank* v. *Hubbard*, 70 *Ga.* 411; *McDougald* v. *Hall*, 3 *Ga.* 174; Civil Code, § 4903.

3. In an equity cause in which receivers had been appointed, some who were parties to the cause and some who were not jointly filed a petition, which they prayed should be filed as an equitable proceeding therein in aid of certain exceptions, motions, and other proceedings already pending, and also for other relief in the cause. The court granted a rule nisi, in which, among other things, it was ordered, that "said petition be filed in accordance with the prayer thereof, and that respondents show cause, as hereinafter provided, why the same should not be allowed as an amendatory or ancillary proceeding as prayed for." Upon a demurrer setting up, among other grounds, a misjoinder of parties in such petition, the presiding judge dismissed it. *Held*, that there was no error in such ruling.

4. A misjoinder of parties being sufficient to uphold the judgment dismissing the petition, it is unnecessary to pass upon the other grounds of demurrer.    *Judgment affirmed.*

Argued January 20,—Decided August 15,—Rehearing denied August 19, 1908.

Equitable petition. Before Judge Whipple. Ben Hill superior court. November 26, 1907.

*Crovatt & Whitfield, Haygood & Cutts,* and *R. L. Berner,* for plaintiffs. *E. Wall, Hal Lawson, L. Kennedy, E. W. Ryman, Eason & Bull,* and *O. H. Elkins,* for defendants.