## ETNA STEEL & IRON COMPANY *et al. v.* HAMILTON *et al.*

As a general rule, where the court improvidently appoints a temporary receiver without notice to the defendant, and subsequently vacates the appointment, and the plaintiff voluntarily dismisses his petition, the receiver can not have his compensation, nor that of his counsel, paid from the property temporarily in his custody. This case comes under the general rule.

Submitted February 5,— Decided July 17, 1909.

Taxation of receiver's fee, etc. Before Judge Edwards. Polk superior court. July 1, 1908.

*Mundy & Mundy,* for plaintiffs in error.

EVANS, P. J. A. T. Hamilton brought an equitable petition against the Etna Steel & Iron Company and T. N. Barnsdall for an accounting, injunction, and receiver. In his petition the plaintiff alleged himself to be a minority stockholder of the Etna Steel & Iron Company, and also the owner of certain bonds of the company, and complained of certain acts of Barnsdall, the president of the company, and owner of a majority of its stock, as amounting to maladministration and intended to force the sale of the minority stock on very disadvantageous terms. It was also averred that the other directors of the company surrendered the management of the company's affairs to Barnsdall, and that the physical properties were so neglected that their value was being rapidly depreciated. On February 20, 1908, the judge passed an ex parte order, enjoining the defendants as prayed, appointing J. M. Hunt as temporary receiver of all the property of the corporation, and requiring the defendants to show cause why the receivership should not be made permanent. The defendants answered the petition on the rule to show cause; and after hearing evidence the court, on April 28, 1908, revoked the appointment of the temporary receiver, and ordered him to restore

to the Etna Steel & Iron Company the property located at Etna, Georgia, but to retain in his hands all moneys received by him until the court could examine his accounts. The prayer for an injunction and the appointment of a permanent receiver was refused. On June 12, 1908, J. M. Hunt, the temporary receiver, petitioned the court for an allowance of compensation for himself and his attorney. The court heard evidence as to the character and value of the services rendered, and pending the hearing, on July 1, 1908, the plaintiff, Hamilton, voluntarily dismissed the original petition. The court in its order allowing fees, after reciting the voluntary withdrawal of the petition by the plaintiff, and adjudging that all the costs of the case, except the costs of the temporary receiver and his attorneys, be taxed against the plaintiff, adjudged that the defendants pay the temporary receiver $350, and his attorney $150, and that the funds of the Etna Steel & Iron Company in the hands of the temporary receiver ($386.53) be proportionally divided between the temporary receiver and his counsel. The exception is to the allowance of these fees.

It requires no demonstration to show that so much of the court's order as taxed the fees of the receiver and his counsel against Barnsdall is without authority of law. The receiver did not have possession of any of his property, and the charge can not be even viewed as in the nature of compensation for preserving property in custodia legis. The plaintiff failed in his case against this defendant, voluntarily dismissed his suit, and he can not call on him to share the burden of the costs of his own unsuccessful litigation.

Nor do we think, under the facts of the case, that the fees of the temporary receiver and his counsel should be paid out of the corporate assets of the Etna Steel & Iron Company. The general rule is that where a court improperly appoints a temporary receiver on an ex parte order, and afterwards sets aside and vacates the appointment, the receiver can not have his compensation paid from the property of which he had temporary possession. Ford *r.* Gilbert, 42 Or. 528 (71 Pac. 971); Pittsfield National Bank *v.* Bayne, 140 N. Y. 321 (35 N. E. 630); Alderson on Receivers, §§ 95, 611. As was said in the case of Weston *v.* Watts, 45 Hun, 219, "to take a person's property from him by an unauthorized proceeding and place it in the hands of a receiver, and then subject him to the expenses of the proceeding, would be very transparently

unjust, even if the courts had the power to do so." An exception to the general rule arises in cases where the appointment of a receiver is necessary to preserve the property from loss or serious damage, which would result except from the care and superintendence of the court's officer. In such a case it would be fair to assess against the successful party a commensurate charge for saving his property from loss or damage. But such is not the case before us. At the time of the appointment of the receiver the plant of the company was not in operation. From the receiver's testimony it appears that upon his appointment he took charge of the physical property, books, and papers of the corporation. He continued the services of the corporation's employees, and left the property in their care. He found $788.28 in bank; to which he added $13.50 received from collections. The sales of the commissary were $210.41, and the amount in his hands is what is left after paying wages and expenses incident to the keep of the property. It would seem, at least to a casual observer, that the change of possession of the company's property was largely theoretical. The company's servants in charge of the property remained in control as servants of the receiver. Can it be said that a change of masters preserved this property, when nothing was done by the actual custodian except to care for it as they had done in the past? Neither the judgment to which exception is taken nor the assignment of error disputes the power of the receiver to pay the wages of the caretakers, nor the necessary incidental expenses of keeping the property. The plaintiffs in error object to being taxed with the fees of the receiver and his counsel, and we think they are warranted in making the protest.

*Judgment reversed. All the Justices concur.*