EDWARDS, receiver, *v.* ASHLEY, receiver, *et al.*

Where an interlocutory judgment was rendered in pending proceedings which show on their face that the court rendering the same had jurisdiction of the person and subject-matter, a third person, without becoming a party to such proceedings, can not attack the judgment by motion, or petition, on the ground that the judgment is void because the court rendering it had no jurisdiction over the person of the defendant.

APRIL 12, 1911.

Motion to vacate receivership, etc. Before Judge Merrill. Lowndes superior court. December 2, 1910.

*W. W. Gordon, Pope & Bennet, and I. J. Hofmayer,* for plaintiff. *Patterson & Copeland,* for defendants.

HOLDEN, J. On the petition of a mortgage creditor, alleging the defendant to be a resident of Lowndes county, the judge of the superior court of that county appointed a receiver to take charge of the mortgaged property. A few days thereafter, the judge of the superior court of Dougherty county, on an application of other creditors of the same defendant, appointed a different receiver to take charge of all the assets of the debtor. The last-named receiver petitioned the judge of the superior court of Lowndes county to direct the receiver appointed by him to turn over to the applicant the property of the debtor in his hands as receiver, the application being based on the ground that at the time the proceedings in Lowndes county were filed, and a receiver there appointed, the debtor did not reside in that county, but was a resident of Dougherty county. To the refusal of this application the movant excepted.

We think the court committed no error in refusing the application. The applicant was no party to the proceedings in Lowndes superior court, nor did he ask to become a party thereto. The application upon which the judge of that court appointed a receiver alleged that the debtor resided in Lowndes county. The receiver appointed by the judge of Dougherty superior court could not, by motion or petition in Lowndes superior court, attack the order appointing a receiver in the proceedings pending in the latter court, on the ground that the defendant therein did not reside in the jurisdiction of that court at the time the proceedings were instituted, the proceedings on their face showing jurisdiction both of the person and the subject-matter, without first being made a party to the pending proceedings. If third persons wish to attack such interlocutory orders, they must themselves go on the inside of the pending proceedings in which they were rendered, to do their fighting. *Hearn v. Clark*, 131 *Ga.* 374 (62 S. E. 187) ; *Young v. Hamilton*, 135 *Ga.* 339 (69 S. E. 593). We have been asked to overrule the decision announced in the 2d headnote and 2d division of the opinion in the case last cited; but we regard the ruling as correct and decline to disturb it.

*Judgment affirmed. All the Justices concur.*