## ALLEN et al. v. CLARE, receiver, et al.

ATKINSON, J. 1. In so far as the rulings made in *Hearn* v. *Clare*, 131 *Ga.* 374 (62 S. E. 187), apply to the present case, they are controlling.

2. Where upon an equitable petition filed against a corporation by some of its stockholders its assets were put in the hands of receivers for winding up and distribution, and various creditors filed claims, and the case was referred to an auditor, who made a report thereon, and, after the allowance of a specified time for stockholders who were not parties to present their claims, a final decree was entered providing for the payment of debts which were allowed, and stating that from the balance of the funds, after paying the costs and expenses, there was left a sufficient amount to pay each stockholder $3.40 per share, which they were allowed to receive upon filing their certificates with the receivers, stockholders who so filed their certificates and received the amounts thus decreed to be due to them could not thereafter, by mere petition or intervention in the main case, seek to set aside the judgments, orders, and decrees under which they had received their dividends, and prevent the discharge of the receivers, nor could they do so whether they acted as claiming to be quasi parties under the allowance to file their certificates and receive the dividends due them, or sought to become actual parties by order of court.

3. While it is common practice for the judge to refer complicated accounts or reports of a receiver to an auditor, he is not in all cases compelled to do so; and if an order of reference has improvidently been granted in such a case, it does not stand as res adjudicata so as to render the judge incapable of revoking the reference and withdrawing the consideration of the receiver's report from the auditor. This is true although the judge who granted the order of revocation was not the same judge who presided when the order of reference was made.

4. The facts set out in the present proceedings are numerous and complicated. Without reciting them in detail, or holding that each ground of the demurrer which was sustained by the court was well taken, in view of the nature of the case, the finding of an auditor in regard to the claims of creditors, the granting of the final decree, the determination and distribution of a dividend thereunder, and the payment of the debts and expenses of litigation by the receivers, and in view of the nature of the proceedings sought to be instituted by the present plaintiffs in error, and their laches in taking action, there was no error in dismissing such proceeding.

*Judgment affirmed. Beck, J., absent. The other Justices concur.*

AUGUST 16, 1911.

Intervention. Before Judge Whipple. Ben Hill superior court. January 18, 1910.

*Crovalt & Whitfield* and *Haygood & Cutts*, for plaintiffs.

*Hal Lawson, L. Kennedy,* and *A. J. McDonald,* for defendants.