## DEANS *v.* DEANS *et al.*

1. Proceedings in the superior court in a case wherein it has no jurisdiction of the subject-matter are nullities; and a judgment, after the case has been dismissed upon demurrer for lack of jurisdiction of the subject-matter, awarding compensation to receivers and their attorneys, is null and void.
2. Questions of law raised in the brief of counsel for the plaintiff in error, but not raised by any assignment of error in the record, can not be considered by this court.

No. 5586.   APRIL 16, 1927.

.Receiver's fees, etc.   Before Judge E. D. Thomas.   Fulton superior court.   June 28, 1926.

*Horace Russell, E. A. Stephens,* and *Alston, Alston, Foster & Moise,* for plaintiff.

*Virlyn B. Moore* and *Dillon, Calhoun & Dillon,* for defendants.

HINES, J.   Frank Deans, by next friend, on February 16, 1925, filed in Fulton superior court his equitable petition against W. O. and G. C. Deans, individually and as executors of the estate of Robert E. Deans, deceased, and certain other defendants, who were legatees under the will of the deceased.   In his petition the plaintiff made these allegations:   He is the only son and sole heir at law of Robert E. Deans, who for many years had been a resident of Fulton County, this State, and who died in said county on January 9, 1925.   The deceased and petitioner's mother were married about 20 years ago, and lived together for about ten years, when they separated, and his mother secured a total divorce from him.   On January 12, 1925, W. O. and G. C. Deans filed in the court of ordinary of Fulton County an alleged will of Robert E. Deans, a copy of which is attached to the petition as an exhibit. They filed a proceeding to probate said instrument in solemn form, and named therein as the heirs at law of the deceased themselves and certain other named parties.   The proceeding to probate said

---

Appeal and Error, 3 C. J. p. 1330, n. 44; p. 1333, n. 54.

Courts, 15 C. J. p. 853, n. 85; p. 854, n. 96.

Judgments, 33 C. J. p. 1075, n. 61; p. 1076, n. 62; 34 C. J. p. 509, n. 14; p. 528, n. 14.

will did not refer to petitioner, although said propounders knew of his existence and his address. Petitioner had no notice whatever of said alleged will, or of said proceeding to probate the same in solemn form, until about February 9, 1925. Said proceeding to probate said will in solemn form was a fraud on the court of ordinary, and consisted in the act of propounders in giving the names of parties who were not heirs at law of the deceased, and in not giving his name as the true and only heir at law, although they knew of his existence and whereabouts. The judgment of probate in solemn form is void on account of said fraud, and should be set aside by the superior court. Said will is not the will of said deceased, and should be so declared and adjudicated, because it was not signed by Robert E. Deans, because it was executed by him under a mistake of fact as to the conduct of petitioner, and because said deceased was not mentally capable of making a will at the time of the signing of said alleged will. Petitioner prayed that a receiver be appointed to take possession of all the property of the deceased; that the defendants be restrained from changing the status of the estate of the deceased, until the further order of the court; that the judgment of the court of ordinary of Fulton County, probating said will in solemn form, be declared to be null and void and be set aside; and that said alleged will be declared to be null and void.

On March 12, 1925, the defendants moved to dismiss the petition, upon the ground, among others, that "The court of ordinary has exclusive jurisdiction of the probate of wills, and this court is without jurisdiction to determine the existence or non-existence of the will in question." This motion was presented to one of the judges of the superior court of Fulton County, who ordered the same filed, and upon consideration thereof denied the same. To this order the defendants excepted pendente lite. On March 12, 1925, the defendants demurred to the petition, upon the ground, among others, "That it will appear from said petition that the court of ordinary of Fulton County has jurisdiction of the subject-matter, and that this court is without jurisdiction to determine the issues presented." On March 14, 1925, the same judge appointed the defendants, W. O. Deans and G. C. Deans, receivers of the personal property of the deceased. On April 22, 1926, another judge of the superior court of Fulton County sustained the de-

murrer to the petition, upon the first three grounds thereof, which included the ground of lack of jurisdiction of the subject-matter. On April 30, 1926, the plaintiff filed his motion to set aside the judgment sustaining the demurrer to his petition, upon the grounds: (a) that the superior court had jurisdiction of this case, the same being an action to set aside a judgment obtained by fraud in the court of ordinary; (b) that the petition sets out a cause of action; and (c) that the issues passed on in the order of April 22, 1926, had been previously passed on by ·this court and determined in favor of movant. The judge to whom this motion was presented ordered the same filed, and that jurisdiction of said motion "is hereby assumed and retained by this court until the determination thereof; even though said determination may be beyond the end of the present March term, 1926, at which term said order was entered, this motion filed, and jurisdiction thereof taken by this court." It does not appear from the record that any action was taken on said motion. On June 4, 1926, the receivers filed their application for compensation for themselves and for fees for their attorneys. The judge hearing this application awarded the receivers $300 for their services, and $300 as fees for their attorneys. .To this judgment the plaintiff excepted, upon the ground that the court had no jurisdiction in the case, and no authority or jurisdiction to render the judgment awarding said fees, or any other order therein, after the case had been dismissed for lack of jurisdiction.

1. The judgment of a court having no jurisdiction of the subject-matter is a mere nullity, and may be so held in any court when it becomes material to the interest of the parties to consider it. Civil Code (1910), § 5964. When a court has no jurisdiction of a subject-matter, the whole proceeding is coram non judice and void. *Gray* v. *McNeal,* 12 *Ga.* 424 (3). If the record shows that the court rendering the judgment did not have jurisdiction of the subject-matter, any person whose rights are affected can at any time make the objection. *Hackenhull* v. *Westbrook,* 53 *Ga.* 285. In *Bell* v. *Rich,* 73 *Ga.* 240, it was held that where suits were brought in a justice's court upon notes for $100 and ten per cent. attorneys' fees, the justice had no jurisdiction to render judgment thereon, and that, the want of jurisdiction having been fixed by the suit, jurisdiction could not afterwards be conferred by an

agreement of the parties that judgment should be rendered in each case for $100 and interest. A judgment void for lack of jurisdiction of the subject-matter is in effect no judgment. *Stewart* v. *Golden,* 98 *Ga.* 479 (25 S. E. 528). Where a court is without jurisdiction in the premises, its acts and proceedings can be of no force or validity. 15 C. J. 853, § 174. In Hawes *v.* First National Bank, 229 Fed. 51, 59, it was held that "Courts may not seize property without jurisdiction, and then claim jurisdiction over the property because it is in the possession of the court." In Lion Bonding & Surety Co. *v.* Karatz, 262 U. S. 640 (43 Sup. Ct. 641, 67 L. ed. 1151), it was held that "As the lower Federal courts lacked jurisdiction, they are necessarily without power to make any charge upon, or disposition of, the assets within their respective districts. . . Where a case is dismissed for want of jurisdiction as a Federal court, there is not even power to award costs against the defeated party." In *Etna Steel & Iron Co.* v. *Hamilton,* 133 *Ga.* 85 (65 S. E. 145), this court made this ruling: "As a general rule, where the court improvidently appoints a temporary receiver without notice to the defendant, and subsequently vacates the appointment, and the plaintiff voluntarily dismisses his petition, the receiver can not have his compensation, nor that of his counsel, paid from the property temporarily in his custody." It is true that in the case just cited the court held that "An exception to the general rule arises in cases where the appointment of a receiver is necessary to preserve the property from loss or serious damage, which would result except from the care and superintendence of the court's officer." This exception is not applicable in a case where the court is without jurisdiction of the subject-matter.

The defendants, who were appointed receivers in this case, and who are seeking compensation for themselves and their attorneys, moved to dismiss the petition in this case, upon the ground, among others, that the superior court was without jurisdiction of the subject-matter, and that the court of ordinary had such jurisdiction. When this motion was presented to the judge, he ordered it filed, and in the same order denied the motion. To this judgment denying their motion the defendants excepted pendente lite. If nothing further appeared, this judgment of the court denying the motion of the defendants to dismiss the case for want of juris-

diction of the subject-matter might have been conclusive upon the parties as to the jurisdiction of the superior court; but, at the same time that said motion was made, the defendants demurred to the petition, upon the ground, among others, that the superior court was without jurisdiction of the subject-matter, and that the jurisdiction thereof was vested in the court of ordinary. The court sustained the demurrer and dismissed the petition, upon the ground, among others, that it was without jurisdiction of the subject-matter. This judgment was procured at the instance of the defendants, who were the receivers, and who were seeking compensation for themselves and for their attorneys. This judgment, being the last word of the court upon the subject of its jurisdiction, is conclusive upon the defendants. It superseded the judgment of the court rendered upon the motion to dismiss upon this ground. The defendants having procured a judgment of dismissal of the case for lack of jurisdiction over the subject-matter by the court, the whole proceeding, including the judgment awarding compensation to the receivers and their attorneys, was null and void. The court had no authority or jurisdiction to appoint the receivers; and after the judgment sustaining the demurrer and dismissing the case for lack of jurisdiction of the subject-matter, it had no authority or jurisdiction to render judgment awarding to the receivers and their attorneys compensation.

There is nothing to the contrary of what we hold, in the case of Palmer *v.* Texas, 212 U. S. 118 (29 Sup. Ct. 230, 53 L. ed. 435). In that case the court had jurisdiction of the subject-matter, but erroneously appointed a receiver. In this case it was held that the court could award compensation to a receiver. This distinction is pointed out by the Supreme Court of the United States in Lion Bonding & Surety Company *v.* Karatz, supra.

By reason of the judgment of the superior court sustaining the demurrer of the defendants and dismissing the petition upon the ground that the court was without jurisdiction of the subject-matter, the trial judge was without authority or jurisdiction to award compensation to the receivers and their attorneys, and erred in rendering judgment awarding such compensation. For this reason the judgment is reversed.

2. Counsel for the plaintiff in error further insist that as the

receivers were parties to the case, as defendants, they should not be awarded compensation for this reason. The bill of exceptions does not contain any assignment of error upon this ground, and it is well settled that this court will not undertake to pass upon matters not embraced in the assignments of error in the given case. We have enough to do to pass upon assignments of error made in the record.

*Judgment reversed. All the Justices concur.*