MORGAN *v.* BOYLES *et al.*

No. 7018. JANUARY 16, 1930.

*W. O. Wilson,* for plaintiff in error. *Clarke & Clarke,* contra.

BECK, P. J. On October 6, 1928, the defendant in error filed her petition against Harry Morgan, alleging that she and Harry Morgan, her uncle, were the only heirs at law of her grandfather, J. H. Morgan; and that her grandfather left an estate of about $120,000, $100,000 of which was real estate in the City of Atlanta, and the balance was in money in the banks in Atlanta; that J. H. Morgan left a will, to the probate of which the petitioner filed a caveat, and that the case was appealed to the superior court, where upon the trial a verdict and judgment were rendered on October 3, 1928, against the propounder, Harry Morgan, and in favor of caveatrix; that Harry Morgan was in possession of all the property of J. H. Morgan, deceased; that he failed and refused in open court to tell how much money he collected, or anything about the estate; that he was not under bond to answer for waste or default of the assets of the estate; that repairs were needed on the real property, and some one was needed to collect the rents and keep intact the property and assets of the estate; and that the defendant's purpose was to keep in possession of the property and to use it for his own benefit. She prayed for the appointment of a temporary receiver, upon his giving bond in the sum of $50,000, to take charge of all the property, personal and real, and that the receiver collect, preserve, and hold all of the property subject to the order of the court, etc.

Upon consideration of this petition the court appointed R. M. George and C. W. Buchanan as temporary receivers to take charge of all the property of J. H. Morgan, deceased, upon giving bond in the sum of $50,000, and to hold the property subject to the order of the court. The receivers entered upon their duties, collecting rents, paying taxes, and preserving the assets under the order of the court, until December 26, 1928, when the case came on to be tried. After hearing evidence the following order was passed: "The petition for permanent injunction and receiver coming on to be heard and after hearing evidence and argument, and on consideration, it is ordered that the order appointing temporary receivers be and the same is hereby made permanent to this extent: The receivers heretofore appointed are to retain possession of one half of the funds now in their possession or in bank in their name as such receivers, and are directed to release to Harry W. Morgan one half of said funds. As to any personal

property, jewelry, bonds, etc., that is or may be in the hands of the receivers, they are directed to retain the same until further orders. The receivers are directed to release to the defendant, Harry W. Morgan, the real estate involved in this litigation; however, he is restrained and enjoined, until the final hearing, from changing the status of same, encumbering or disposing of the same, and is directed to pay over to the receivers heretofore named one half of the rents derived from said property as collected. Costs and fees of temporary receivership not now passed upon."

Subsequently the temporary receivers filed an application for compensation for their services, and for counsel fees. Upon the hearing of this application the evidence in substance was that the receivers had been diligent, and that in their opinion the sum of $2400 was a reasonable fee for the services rendered. The court passed an order allowing the sum of $2400, to be divided equally between the two receivers and their counsel, and assessed one half of the amount against the plaintiff and one half against the defendant. Harry Morgan excepted to the allowance of this compensation, and to the assessment of half against him.

We are of the opinion that the court should not have assessed any part of the amount allowed as compensation for the temporary receivers and their counsel against Harry Morgan. The order above quoted, directing the receivers to release to Harry Morgan one half of the property which he had taken in possession, itself indicates that the court was of the opinion that the receivers had been improvidently appointed in so far as they were authorized and directed to take all the property belonging to the estate of J. H. Morgan, the testator, into their possession. When the order and judgment now excepted was rendered, the court did not have before it the decision in the case of *Morgan* v. *Boyles,* 168 *Ga.* 453 (148 S. E. 89). A full statement of the facts upon which the appointment of receivers in this case was based is there made. In the review of that case, upon exceptions duly made to the appointment of receivers, it was held by this court: "Under the pleadings and the evidence, the order appointing the receivers was erroneous (the defendant being entitled to one half of the estate if an intestacy is declared, and to two thirds thereof if the will of his deceased father is finally set up and established, and there being no allegation or proof of his insolvency), without first giving the defendant the

opportunity to give bond in a sufficient amount and so framed and conditioned as to fully protect the petitioner in whatever rights she may be able to establish, and for the payment of any recovery she may be entitled to, by the verdict and judgment at the final hearing of this or of any other case, for her share as an heir at law of the intestate. Direction is accordingly given that the trial judge, without hearing any evidence, so modify·the order already passed as to make the same conform to the ruling above announced." It will be observed that in that decision it was held that the appointment of receivers was erroneous where the defendant was not first given an opportunity to furnish bond in a sufficient amount and so framed as to fully protect the petitioner in whatever rights she might have. In view of that decision, the conclusion is necessarily reached that the taxing of a part of the amount allowed as compensation for the temporary receivers and their counsel, against the defendant or the part of the estate going to him, was erroneous.

*Judgment reversed. All the Justices concur.*