[Civ. No. 8111. First Appellate District, Division One.—February 13, 1932.]

In the Matter of the Estate of ADELINA PALMIERI, Deceased. WELLS FARGO BANK AND UNION TRUST COMPANY et al., Respondents; ANNIE CUNEO et al., Appellants.

James Sykes for Appellants.

Sullivan, Roche, Johnson & Barry for Respondents.

DOOLING, J., *pro tem.*—This is an appeal from an order dismissing a petition praying for the revocation of the probate of an alleged will and codicils thereto of Adelina Palmieri, deceased. The alleged will and codicils were admitted to probate by an order made and entered on March 21, 1929. Thereafter on August 14, 1929, section 1327 of the Code of Civil Procedure was amended so as to shorten the time within which such a petition could be filed from one year to six months after the admission of a will to probate. The petition herein was filed more than six months but less than one year after March 21, 1929.

Respondents herein interposed demurrers to the petition on the grounds (1) that since the petition was filed over six months after the will was admitted to probate the court had no jurisdiction, and (2) that the petition stated no sufficient grounds for the revocation of the will and codicils.

The order appealed from reads, so far as here material: " . . . it is hereby ordered that said demurrers be sustained upon the ground that said petition was not filed within the time allowed by law, to-wit within six months from the time said will was admitted to probate, and that the court is without jurisdiction. Let the Clerk enter an order dismissing the petition."

Under the decision in *Estate of Whiting*, 110 Cal. App. 399 [294 Pac. 502], respondents admit on this appeal that the ground on which the court sustained their demurrers is

now untenable. ■ They insist, however, that their general demurrers are good, and that this court must affirm the judgment of dismissal if any of the grounds specified in the demurrers is good, in the absence of an affirmative showing in the record that appellants sought leave to amend which was denied them by the lower court. This is undoubtedly the generally well-settled rule (*Burke* v. *Maguire,* 154 Cal. 456 [98 Pac. 21]; *Philbrook* v. *Randall,* 195 Cal. 95 [231 Pac. 739]; *Hansen* v. *Carr,* 73 Cal. App. 511 [238 Pac. 1048]), although it has been held that where it appears that appellant had no opportunity to ask leave to amend, the rule does not apply. (*Metzger* v. *Vestal,* 76 Cal. App. 409, 418 [244 Pac. 942].)

The question determinative of this appeal is whether the rule invoked by respondents is properly applicable where the court dismisses the petition on the erroneous determination that it has no jurisdiction of the proceeding. Want of jurisdiction means that the proceeding is not properly before the court at all so that the court has no power, right or authority to proceed with the determination of any matter therein involved. ■ When it appears that the court has no jurisdiction, it has no power to proceed in any manner, but should dismiss the action (*Fritts* v. *Camp,* 94 Cal. 393 [29 Pac. 867]; *Rogers* v. *Cady,* 104 Cal. 288 [43 Am. St. Rep. 100, 38 Pac. 81]; and hence when the court in this case determined that it was without jurisdiction it determined that it had no power, right or authority to consider the general demurrers to the petition since to do so would be to exercise a jurisdiction which it had determined, though erroneously, that it did not possess. All the authorities are to this effect.

The rule is stated in the article on Courts in 15 Corpus Juris, page 854, section 176, as follows:

"Upon determining that it has no jurisdiction the court may not only refuse to proceed further and determine other objections or the rights of the parties, but it is also improper to decide upon the sufficiency of other matters of defense, and a judgment of dismissal for want of jurisdiction or without prejudice should be entered, after which the court has no authority to proceed."

In *Dippold* v. *Cathlamet Timber Co.,* 98 Or. 183 [193 Pac. 909, 911], the Supreme Court of Oregon said:

" 'When a court has determined that it has no jurisdiction of the subject-matter of an action, it cannot properly consider any other question raised in the case.' (17 Stand. Proc. 657.)

"This court, speaking through Justice Bonham, in the early case of *Evans* v. *Christian,* 4 Or. 375, 377, said:

" 'When a question of jurisdiction presents itself in any stage of a proceeding, and it is discovered that the court has no jurisdiction, either over the parties or the subject-matter of the cause, it is the duty of the court, on its own motion, to refuse to proceed further. Any attempt to exercise judicial functions otherwise than as authorized by law would be a nullity, and an idle waste of time.' "

In *Howard* v. *Kentucky & L. Mut. Ins. Co.,* 52 Ky. (13 B. Mon.) 226, the Court of Appeals of Kentucky had presented to it a question very similar to that here involved. In that case as here the trial court erroneously decided that it had no jurisdiction of the cause. At page 231 that court said:

"The circuit court having decided that it had no jurisdiction in the case, it was improper for it to decide upon the sufficiency of the other matters of defense relied upon in the answer; for it was immaterial, if the court had no jurisdiction, whether they constituted a valid defense to the action or not; and the fact that the plaintiff had filed a demurrer on that part of the answer did not authorize the court to decide the question which it presented."

On page 290 that court further said:

"As the demurrer [to the answer] was overruled, and the plaintiff did not indicate any desire to try the issue presented by the answer, but abided by his demurrer, the judgment for the defendant would be right, and could not be reversed, were it not that the court, by deciding that it had no jurisdiction of the cause, deprived the plaintiff of all right to proceed any further, and of course he was not bound to notice the other matters of defense, nor demand a trial of them by a jury, which the court, according to the decision given by it on the question of jurisdiction, could not have allowed. Nor should the second demurrer have been acted on by the court, as the effect of its decision upon the first demurrer was to put the plaintiff out of court. We shall, therefore, regard the judgment as having been pronounced upon the question of jurisdiction made under the

first demurrer, and the parties as occupying the same attitude they would have done, if the court had not acted at all, upon the second demurrer.''

Other cases on the general subject are: *Gray* v. *Dean,* 136 Mass. 128; *Wheeler & Wilson Mfg. Co.* v. *Whitcomb,* 62 N. H. 411; *Stough* v. *Chicago & N. W. Ry. Co.,* 71 Iowa, 641 [33 N. W. 149]; *Snowman* v. *Herrick,* 111 Me. 587 [90 Atl. 479]; *Deans* v. *Deans,* 164 Ga. 162 [137 S. E. 829]; *People* v. *Max,* 70 Colo. 100 [198 Pac. 150, 153]; *Goodwin* v. *Barnett,* 2 Ind. App. 16 [28 N. E. 115]; *Roy* v. *Phelps,* 83 N. H. 174 [75 Atl. 13]; *Perkins* v. *United States Fidelity & Guaranty Co.,* (Tex. Com. App.) 299 S. W. 213, 219.

We conclude that by its determination that it was without jurisdiction the trial court determined that it had no power or authority to pass on any other question or take any judicial action in the proceeding except to dismiss the petition for want of jurisdiction. This being so, we must assume that the trial court did not pass on the general demurrers and would not have granted leave to amend the petition, since to do either would be to exercise a jurisdiction which it expressly determined that it did not possess. Once the court had determined that it was without jurisdiction, it would have been idle for appellants to ask leave to amend, since in the language of the Court of Appeals of Kentucky above quoted the effect of the trial court's decision on the question of jurisdiction was to put appellants out of court. Appellants' only course was the one taken, by an appeal to have the trial court's decision declining jurisdiction reversed so that the trial court would thereby be compelled to assume the jurisdiction that it had judicially determined that it did not possess. Until that was done appellants were prevented by the trial court's action from asking leave to amend or seeking relief from it in any form. To hold that appellants' rights are now foreclosed because they did not ask leave to amend under these circumstances would be to deprive them of their right to a trial without any judicial hearing whatever. They could only be granted leave to amend if they were before the court, and they could only get before the court by taking this appeal.

Accordingly, the judgment of dismissal is reversed, with directions to the trial court to assume jurisdiction, rule on

respondents' general demurrers and take such further proceedings as may be proper.

Tyler, P. J., and Cashin, J., concurred.