CITY BANK AND TRUST COMPANY *v.* POLLOCK *et al.*

ATKINSON, J. 1. An assignment of error upon the admission in evidence of certain "proxies" over the objection that their execution "had not been proved as required by law, nor were they attested by any witness," which does not set forth the formal parts of the proxies referred to or the substance of such formal parts, is without merit. If the exception were sufficient, the admission of this evidence over the objection would not be erroneous where there was other evidence to the effect that the proxies were signed by the persons by whom they purported to have been executed.

2. The admission in evidence of certain excerpts from affidavits submitted at the interlocutory hearing, as to matters which elsewhere appeared from the pleadings and other documents which were admitted in evidence without objection, does not require a reversal.

3. The following clause was contained in both the original and supplemental trust deeds: "The trustee may be removed from said trust by an instrument in writing under the hands and seals of the holders of a majority of the amount of the then outstanding bonds secured hereby, and any vacancy in the office of the trustee, whether so created or aris-

ing from resignation, incapacity, or any other cause, may be filled by the appointment of one or more competent persons, or a corporation, as new trustee by an instrument in writing under the hands and seals of a majority in amount of the holders of the then outstanding bonds or obligations secured hereby, and any new trustee or trustees appointed as aforesaid shall be vested with all of the estate, trusts, rights, powers, and duties of the trustee herein named. However, no such removal shall be effective until the trustee shall have been reimbursed for all outlays and expenses incurred in this behalf." *Held:*

(a) The evidence authorized a finding that the bondholders had complied with the foregoing provisions of the contract as to removal of the original trustee and the appointment of a new trustee.

(b) The evidence also authorized a finding that there were no outlays and expenses incurred by the original trustee in executing the trust to be reimbursed.

(c) The original plaintiff did not except to the judgment.

(d) The judgment was not erroneous.

*Judgment affirmed. All the Justices concur.*

No. 8416. FEBRUARY 27, 1932.

*C. N. Davie, J. F. Kemp,* and *L. S. Camp,* for plaintiff.

*T. J. Long, M. E. Kilpatrick,* and *Alston, Alston, Foster & Moise,* for defendants.