CITY BANK & TRUST COMPANY *et al v.* GRAF, trustee.

No. 8802.   August 11, 1932.

344

C. N. Davie, J. F. Kemp, and Lawrence S. Camp, for plaintiffs in error.

A. A. Meyer, Eugene Dodd, T. M. Stubbs, Alston, Alston, Foster & Moise, and H. J. Miller, contra.

RUSSELL, C. J. (After stating the foregoing facts.) There is only one question raised by the assignments of error in the bill of exceptions, to wit: whether the court erred in overruling the demurrers of the City Bank & Trust Company, and W. J. Davis, superintendent of banks, to the petition of Graf, trustee. Plaintiffs in error earnestly insist that their demurrers should have been sustained. This contention is based upon the several grounds which are embodied in the demurrers, which are more compactly summarized in the brief of counsel for plaintiffs in error.

█ Grounds 1 and 2 of the general demurrer are as follows: "1. There is no cause of action set out in said petition. 2. No facts are alleged which would authorize the granting of the relief prayed." It is insisted that the pendency of suit numbered 88,334 in Fulton superior court, that of Davis, superintendent of banks, v. Real Estate Operators and City Savings Properties Inc., in which the judge of that court had already appointed a receiver, is a bar to the action by Graf, trustee, against the City Bank & Trust Company and W. J. Davis, superintendent of banks. The cases of *Edwards* v. *Ashley,* 136 *Ga.* 144, 145 (70 S. E. 1101), *Hearn* v. *Clare,* 131 *Ga.* 374 (62 S. E. 187), and *Young* v. *Hamilton,* 135 *Ga.* 339 (69 S. E. 593, 31 L. R. A. (N. S.) 1057, Ann. Cas. 1212A, 144), are cited as authorities supporting the proposition that "third persons can not obtain any relief in pending proceedings unless they go on the inside of said pending proceedings to do their fighting." We may agree to the proposition that if a party wishes to join in a pending action, and share the same benefits which are anticipated by the plaintiff in the pending action, this would be true. In such a case the complainant should intervene in the cause already pending. However, it is well settled that one who intervenes in a suit takes it just as he finds it. Consequently, if one has a right in a matter which must be litigated, which is antagonistic to that of the plaintiff, or both of the parties in a pending litigation, and this one seeks a remedy different from that prayed in the pending suit, such proposing litigant has a right, in equity, to state his case in an independent action, and invoke equitable relief.

So many corporations are referred to in the instant case that we shall not attempt to name them. But, as said by Mr. Justice Hines of *Chatham Bank & Trust Co.* v. *Ocilla Southern R. Co.,* 153 *Ga.* 37, 41 (111 S. E. 570): "The general rule is, that, where property of a corporation has been placed in the hands of a receiver, persons seeking to assert equitable remedies against its assets should become parties to the cause by intervention and prosecute their remedies therein. Civil Code, § 5478; *National Bank of Augusta* v. *Richmond Factory,* 91 *Ga.* 284 (18 S. E. 160); *Empire Lumber Co.* v. *Kiser,* 91 *Ga.* 643 (17 S. E. 972). To this general rule, as to all general rules, there are exceptions. It is probably impossible to find any general statement of the law so inclusive

and exclusive as admit of no exceptions. In the first place, this principle is applicable to creditors' bills and similar suits to wind up the affairs of insolvent corporations and others, and to distribute their assets among creditors, stockholders, and others entitled thereto. *National Bank of Augusta* v. *Richmond Factory,* supra. So proceedings, authorized by statute to forfeit the charter and franchises of an insolvent corporation, to appoint a receiver to take charge of its assets, and to wind up and distribute its assets, are exceptions to the general rule. [Citing numerous cases.] So there is an exception where one party 'becomes the sole party in interest and dominus litis on both sides.' Cleveland *v.* Chamberlain, 1 Black, 419 (17 L. ed. 93). The case at bar is stronger. From the beginning the interests of the plaintiff and the defendant in the receivership proceedings were identical. The proceedings were colorable and collusive, and are an exception to the general rule that parties must intervene in receivership proceedings to enforce liens on the property in the hands of the receiver. Lord *v.* Veazie, 8 How. 251 (12 L. ed. 1067) ; *Harp* v. *Abbeville Investment &c. Co.,* 108 *Ga.* 168 (33 S. E. 998) ; *May* v. *Printup, 59 Ga.* 128; *Merchants &c. Bank* v. *Trustees, 63 Ga.* 549." So the court held, reversing the judgment, although at the instance of Garbutt et al. the superior court of Irwin County had appointed a receiver to take charge of the railroad and operate it, that, inasmuch as it appeared from a later petition of the trustee bank that the Garbutt receivership was collusive and designed to "head off the plaintiffs from foreclosing its mortgages," it was within the power of the superior court, and that court should have exercised its power, to disregard entirely its former appointment of a previous receiver and to appoint a new receiver to take charge of the property for the purpose of foreclosure. In the case now before us there appears to have been docketed a suit against two defendants, neither of whom has ever been served. Nevertheless a receiver was appointed, who has taken charge of the property in pursuance of the order of the court. The purpose of the first petition, had it been served, was to foreclose the debt evidenced by the deed of trust, and by the sale of the property to administer the proceeds of the sale as an asset of the City Bank & Trust Company. The petition which is now before us was brought by the holders of $30,000 of bonds, to restore the property pledged to

secure the payment of the bonds to a new trustee selected by them as a substitute for the City Bank & Trust Company, which was being liquidated by the banking department. The case numbered 88,334 calls for a sale of the property which is the only security for the payment of the bonds. It is apparent from the petition of Graf, the trustee, that the bondholders only desire at this time that their security be not impaired by useless expenses, and that they are content to collect the interest upon the bonds until the contract is terminated in accordance with the conditions of the deed of trust. From this circumstance, as well as others that might be adverted to, it is plain that the relief sought in the two cases is entirely different. The petitioners in the Graf case can not receive the remedy they ask by intervening in the petition brought by the City Bank & Trust Company, even if it had been served so as to have become a pending suit. As it was held in the *Chatham Bank* case, supra, that equity should have taken jurisdiction of the second equitable petition and application for receivership, because the first was collusive, so it can well be held in this case that the trial judge properly overruled the demurrers and retained jurisdiction of the present proceeding, because the prior attempt in equity is futile and presents no obstacle to a proper action in behalf of the bondholders, by their trustee. So we see no error in the overruling of grounds 1 and 2 of the demurrer.

In the third ground of the demurrer it is said: "The petition is predicated upon an allegation that this defendant has been removed as trustee. In the ninth paragraph of the petition the plaintiff sets out a paragraph of the deed which shows that the requirement is that the trustee be removed by 'an instrument in writing under the hands and seals of the holders of three fourths of the amount of the then outstanding bonds.' The exhibit attached to the petition shows that this provision was not complied with. It is not alleged that the bondholders can act under the hands and seals of their attorneys, nor is it alleged that any instrument was signed removing the trustee under the provision quoted in this paragraph of the petition, nor does it appear that any instrument has been executed under the hands and seals of a majority of the outstanding bondholders, appointing the plaintiff as trustee, either by the bondholders or by their attorneys. It is not alleged that said deed contains any provision for a meeting of the bondholders nor

sanctions any such meeting or proceedings as the petition alleges to have been held." We are of the opinion that the allegations of the petition are sufficient to withstand the demurrer, and that the court properly overruled it. It does not appear from the petition that the bondholders can not act through their attorneys at law or attorneys in fact. It appears from the petition that a meeting of the bondholders was held, and we see no reason why the bondholders might not have met in their interest, and, either in person or by duly authorized agents, elected a new trustee. The exhibit attached to the petition shows that 86-2/3 per cent., instead of three fourths or a majority of the bondholders, participated in the meeting and unanimous election of the new trustee.

In the fourth ground of the demurrer the defendant insists: (a) That as a matter of law the superintendent of banks did succeed to all the rights of the bank and the duties which the bank was discharging at the time, and that as a matter of law the superintendent of banks had a right to act as a trustee. (b) That, because the meeting was held more than six months after the petition attacked was filed, plaintiff and the bondholders are estopped to dispute the right of the defendant in said proceeding. As we have already said, the so-called prior proceeding for receiver, never having been served, can not be the basis of an estoppel, as urged by the demurrer. The powers conferred upon the superintendent of banks by the original banking act of 1919 (Ga. L. 1919, pp. 135-221), as amended by the act of 1922 (Ga. L. 1922, pp. 63-70), are sweeping and comprehensive in so far as the property and assets of the insolvent bank itself is concerned. In sec. 1, art. 7 of the original banking act (supra, pp. 154-155) it is said that "the superintendent himself, or by a duly authorized agent, shall forthwith take possession of all the assets of such bank and retain possession thereof until such bank shall be authorized by him to resume business, or its affairs be liquidated as herein provided." But it is clear that this has reference only to its business as a bank, as that word is used in immediate connection with the word "assets." An individual or a corporation, when acting merely in a fiduciary capacity as trustee to hold the title of property in trust for the benefit of creditors who are bondholders, is not in the business of banking, though a bank, being an artificial person, may be authorized to act as trustee, just as a natural person may perform such duty. En-

tirely aside from that principle, however, the very terms of the contract in the present case permit the bondholders to select another trustee, and this terminates the relationship; and the law would not undertake to impair the obligation of that provision in the contract, any more than it would any other portion of the deed, by the execution of which the trust relationship was created.

■ The fifth ground of the demurrer, which sets up that the plaintiff or the bondholders are required to intervene, and have no right to institute an independent proceeding, has already been passed upon in the first division of this opinion.

■ The sixth ground of the demurrer sets up that "the petition shows on its face that there is a nonjoinder of parties. Neither the City Savings Properties Inc., the holder of the legal title to said property as alleged in said petition, nor the receiver, which it appears from this petition has been appointed by the court, are made parties thereto. Certainly it would appear that a receiver who [is] sought to be removed should be a necessary party to such a proceeding as this." Under the doctrine so clearly stated in *Chatham Bank & Trust Co.* v. *Ocilla Southern R. Co.*, supra, neither of the parties mentioned in the demurrer is a necessary party to this proceeding, because the court has power to altogether ignore the prior proceeding.

■ No ruling will be made on the seventh ground of the demurrer, since it is not referred to in the brief of counsel and must be treated as having been abandoned.

■ The court did not err in overruling the demurrer to the petition. *Judgment affirmed. All the Justices concur.*