CITY BANK & TRUST CO. *v.* GRAF, trustee, *et al.; et vice versa.*

BELL, J. 1. Where an owner of property executed a deed of trust to secure an issue of bonds, and named a bank of this State as trustee, and where the superintendent of banks thereafter took possession of the assets of such bank as an insolvent institution, the superintendent did not, merely in virtue of these facts, succeed the bank as a trustee for the purposes named in the deed of trust. See *City Bank & Trust Co.* v. *Graf*, 175 *Ga.* 340 (165 S. E. 238), in which the main petition in the instant case was held not subject to general demurrer.

2. Where, after taking possession of such bank as an insolvent institution, the superintendent, on a petition filed in behalf of the bank as plaintiff and naming as defendants the grantor in the trust deed and a subsequent owner of the equity of redemption, obtained the appointment of a receiver for the property conveyed by the deed of trust, but as to which petition there was never any service nor a waiver of service, the petition did not become a pending suit, and the bondholders were not bound by the appointment of such receiver. *McFarland* v. *McFarland*, 151 *Ga.* 9 (105 S. E. 596).

3. Where, in a subsequent suit brought by a trustee duly appointed by the bondholders for whose benefit the trust deed was executed, the court revoked the appointment of the receiver as having been improvidently made, and no exception was taken to this order, it was error to render a judgment against such trustee for any portion of the compensation awarded to the receiver. *Ætna Steel & Iron Co.* v. *Hamilton*, 133 *Ga.* 85 (65 S. E. 145); *Atlanta Northern Ry. Co.* v. *Harris*, 147 *Ga.* 214 (93 S. E. 210); *Deans* v. *Deans*, 164 *Ga.* 162 (137 S. E. 829); *Morgan* v. *Boyles*, 169 *Ga.* 743 (151 S. E. 366). This was not a case in which the court had a discretion as to an apportionment of the costs between the parties, as in *Lowe* v. *Byrd*, 148 *Ga.* 388 (5) (96 S. E. 1001), and cit., or in which a recovery was necessary to preserve or protect the res.

4. Since the superintendent of banks did not succeed the bank as trustee, he was not in position to invoke a provision of the trust deed to the effect that removal of the trustee by the bondholders would not be "effective until the trustee shall have been reimbursed for all outlays and expenses incurred" in the execution of the trust. Whether or not the insolvent bank, acting by and through the superintendent, might in other circumstances rely upon this provision for the purpose of disputing the right of the new trustee selected by the bondholders, such "outlays and expenses" would not include the compensation of a receiver who was appointed at the instance of the bank, upon a petition which aborted for the want of service or notice to any party at interest, and whose appointment was thereafter revoked for that cause, in a suit to which the bank was a party; and it does not appear that any other outlay or expense was incurred by the bank while purporting to act as trustee. The language here quoted did not embrace the commission specified in the deed as compensation to the trustee, so as to require payment of this item as a condition of the trustee's removal.

5. Even as to a person having the right to act as trustee, a stipulation in the deed of trust to the effect that the trustee "may enter consent to a decree, or a judgment, or a verdict, or both, following and enforcing this instrument and the debt hereby secured," did not dispense with the necessity of service or the equivalent thereof as a prerequisite to a valid suit; and the case is not altered by the fact that one of the parties named as defendant in the suit originally filed by the bank made a voluntary answer to such petition several terms after the appearance term, such defendant being the mere owner of the equity of redemption, and having no authority to represent or bind the bondholders. Compare *Hewell* v. *Smith*, 175 *Ga.* 879 (166 S. E. 664); *McClendon* v. *Hernando Phosphate Co.*, 100 *Ga.* 219 (2) (28 S. E. 152); *Lovett* v. Lovett, 93 Fla. 611 (112 So. 768).

6. The judge did not abuse his discretion in adjudging that one half of the fee of the receiver should be taxed against the party "upon whose petition alone the receiver was appointed, which appointment was rescinded as improvident;" nor was the judgment as to this party otherwise erroneous for any reason assigned. *Capital City Tobacco Co.* v. *Anderson*, 138 *Ga.* 667 (2) (75 S. E. 1040).

*Judgment in No. 9344 affirmed; in No. 9345 reversed. All the Justices concur.*

Nos. 9344, 9345. June 16, 1933.

*Howell, Heyman & Bolding, C. N. Davie,* and *J. F. Kemp,* for plaintiff in error.

*L. S. Camp, T. M. Stubbs, J. H. Porter, Dodd & Dodd, A. A. & E. L. Meyer,* and *Alston, Alston, Foster & Moise,* contra.