## CITY BANK & TRUST COMPANY v. MITCHELL, trustee, et al.

BELL, J. 1. Where an owner of property executed a deed of trust to secure an issue of bonds, and named a bank of this State as trustee, and where the superintendent of banks thereafter took possession of the assets of

such bank as an insolvent institution, the superintendent did not, merely in virtue of these facts, succeed the bank as a trustee for the purposes named in the deed of trust. *City Bank & Trust Co.* v. *Graf,* 177 *Ga.* 236 (170 S. E. 74). See also *City Bank & Trust Co.* v. *Pollock,* 174 *Ga.* 541 (163 S. E. 154); *City Bank & Trust Co.* v. *Graf,* 175 *Ga.* 340 (165 S. E. 238).

2. Accordingly, the superintendent would have no authority to appear in court for the purpose of foreclosing the trust deed, or for any other purpose as representative of or successor to the bank as trustee; and his appearance being unauthorized, he could not, as against the bondholders, incur a conditional or an unconditional liability for attorneys' fees in connection therewith. *Railroad Commission* v. *Macon Railway & Light Co.,* 151 *Ga.* 256 (106 S. E. 282); *Bentley* v. *Board of Medical Examiners,* 152 *Ga.* 836 (111 S. E. 379); *Bennett* v. *Bennett,* 161 *Ga.* 936 (132 S. E. 528).

3. It appearing from the record that the answer of the bank, in which it sought to act as trustee, was filed in its behalf solely upon authority of the superintendent of banks, the further proceedings, including the writ of error to this court, are presumed to have been based upon the same authority and none other, in the absence of anything to the contrary.

4. Since the superintendent of banks could have no interest in the matter of naming a successor to the insolvent bank as a trustee, he would have no right, in the name of the bank or otherwise, to resist the granting of an order substituting a different trustee at the instance of the bondholders, no matter upon what ground the objection should be made. See, in this connection, *Davis* v. *Mayor &c. of Jasper,* 119 *Ga.* 57 (45 S. E. 724); *Garlington* v. *Davison,* 122 *Ga.* 677 (50 S. E. 667); *Bigham* v. *Yundt,* 158 *Ga.* 600 (123 S. E. 870); *Turner* v. *Hill,* 17 *Ga. App.* 257 (86 S. E. 460).

5. If the bondholders had become liable to the bank for commissions accruing to it or for "outlays and expenses" incurred by it under the terms of the trust deed while it acted as a trustee, this might be a liability which could be enforced as an asset of the bank in an appropriate action by the superintendent in his official capacity; but in the instant case the sole exception is to a judgment appointing or ratifying the appointment of a new trustee, which judgment could in no event be harmful to the superintendent of banks, or to the insolvent bank represented by him. *Judgment affirmed. All the Justices concur.*

No. 9732. FEBRUARY 16, 1934.

*C. N. Davie* and *J. F. Kemp,* for plaintiff in error.

*McElreath & Scott, A. E. Hamsaur,* and *Mitchell & Mitchell,* contra.