23443.   BRACKIN v. BRACKIN et al.

ARGUED MAY 9, 1966—DECIDED MAY 27, 1966.

*Mundy & Gammage, Grant, Spears & Duckworth, William W. Mundy, William G. Grant,* for appellant.

*Wayne W. Gammon, Henry A. Stewart, Sr., John H. Lair,* for appellee.

ALMAND, Justice. Nelson Louis Brackin, appellant here, brought an equitable petition in the Superior Court of Polk County seeking the partition of certain real property against his former wife Mrs. Frauke G. Brackin, the appellee, and Northwestern Mutual Life Insurance Company and J. C. Penny Company as interested parties. The petition alleged that appellant and the appellee were tenants in common of the property in question under a warranty deed made to them jointly; that they were married at the time the property was acquired for the sum of $82,000; and that $50,000 of the purchase price was obtained from Northwestern on a loan secured by a security deed on the property which undisputed evidence later showed was signed by both appellant and appellee. The petition, as amended, further alleged that appellant furnished the remaining $32,000 from his own funds with the understanding and agreement that he would put all of the cash that was necessary into the purchase of the property and improvements thereon; that the proceeds from the rental of said property would be applied first to the payment of

taxes, insurance and maintainance of the property, and second to the amortization of the loan and third to the repayment of the amount of money he put into the property; and that when he was reimbursed for all amounts he had put into the property, he and appellee would each own a one-half undivided interest therein.

Petitioner (appellant) prayed for an equitable division of said property and that the proceeds from the sale of the property be divided between appellant and appellee as their interest may appear by declaration of the court and for other relief.

Appellee filed an answer in which she admitted the property had been jointly purchased, denied the understanding and agreement alleged and asserted that she was the owner of a one-half undivided interest in the property free from the "alleged equities of petitioner."

The property was subsequently sold and the proceeds were paid into the registry of the court. However, the proceeds were less than the portion of the purchase price paid by appellant with his own funds for which he had not been reimbursed.

On the trial of the case, the issue was whether appellee was the owner of a one-half undivided interest in the property, and therefore, entitled to one-half of the net proceeds, or whether her interest in the property, as alleged by the appellant, was contingent upon the repayment of the amount he had advanced in the payment of the purchase price and in the cost of renovating the property, in which case the appellee would not have been entitled to any part of the proceeds.

The jury returned a verdict in favor of the appellee, and a judgment was entered thereon. Appellant filed his motion and amended motion for a new trial upon general and special grounds, all of which were overruled. Appellant filed his notice of appeal and has assigned error on the verdict and judgment and the court's overruling his motion for a new trial.

■ Appellant's first enumeration of error is upon the court's allowing evidence to be introduced over the objection of counsel as to appellant's financial status such as his real estate holdings in this country and Canada as well as his interests in various corporations.

"The general rule is that evidence of the wealth or worldly circumstances of a party is never admissible, unless in those exceptional cases where position or wealth is necessarily involved." *Smith v. Satilla Pecan Orchard &c. Co.*, 152 Ga. 538, 545 (3) (110 SE 303); *Northwestern University v. Crisp*, 211 Ga. 636, 641 (2) (88 SE2d 26). See also *Lenney v. Finley*, 118 Ga. 427, 431 (4) (45 SE 317). Both parties agree that the issue upon the trial of the case was whether or not the appellee was entitled to one-half of the proceeds from the sale of the property in question free from the equities alleged by the appellant. The evidence of appellant's financial status was not related to the issue before the court so that it could be admitted under the rule set out above. The trial court erred in admitting this evidence over the objection of appellant's counsel.

■ The second enumeration of error complains of the court's allowing admission of copies of appellant's income tax returns for the years 1956 and 1957 on the same grounds that they showed appellant's financial status. The evidence of these income tax returns was introduced by appellee's counsel upon re-cross examination of the appellant. During the re-direct examination of appellant by his counsel, the following question was propounded: "What was your net income during these years?" The record also shows the following exchange between appellant and his counsel on re-direct examination. "Q—And then do you have any income taxes to pay? A—Yes, sir. Q—And then what was left after all of that? A—For several years I have been averaging—the year of '60, from my memory, was my lowest year in several years and I had right at $10,000 net, and the highest in several years, I think, was $22,000. That is after all expenses and taxes." In light of this testimony which was elicited from the appellant by his own counsel on re-direct examination, it cannot be said that the trial judge abused his discretion in allowing copies of appellant's income tax returns to be introduced. *Aldridge v. Whaley*, 218 Ga. 611 (7) (130 SE2d 124); *City Bank & Trust Co. v. Pollock*, 174 Ga. 541 (2) (163 SE 154); *McArthur v. Roadway Express, Inc.*, 109 Ga. App. 30 (1) (135 SE2d 67).

■ The third enumeration of error states that when the trial

court allowed the copies of appellant's income tax returns into evidence, the court stated that it would explain the reason for their admission to the jury "at the proper time," but the court never did so either during the trial or in the charge.

It is unlikely that the grounds of this enumeration of error will occur again upon the re-trial of this case which is required by our ruling in Division 1 of this opinion, and we therefore do not find it necessary to rule on this enumeration of error. *Harris v. State*, 188 Ga. 745, 752 (4) (4 SE2d 651).

■ The fourth enumeration of error complains of the exclusion of certain testimony of the appellant on direct examination as follows: "Well, I told her that I would give her one-half interest in the property and that half of the net rent would eventually pay me back for my cash advance and when she did pay me that back that there would not be any gift tax to pay and that was the only way we knew to avoid that Federal Government gift tax, which limited me giving her a total of $3,000 in any one year, and she agreed that that was a good way to do it and was very happy over it over a period of seven years and accepted that method for seven years, in which I applied any excess of cash income to her indebtedness and it reduced her indebtedness. For seven years she did that, notwithstanding that during a great portion of those seven years, she had a dozen lawyers suing me for every imaginable thing and never—."

The record shows, however, that appellant was allowed to testify to the following without objection: "I told my wife— I told my wife that I would give her one-half interest in the property after it was paid for, if that would please her and help her establish an estate and she could better understand the situation in this country." He was allowed to testify further: "Well, for seven years my wife respected this agreement and it was agreeable and she was aware of it and we did it and we performed it without any objection, even though during those seven years, four years she had all kinds of lawyers and was suing me and had at least twelve lawyers from different states and she never complained that this agreement was wrong in the way I was crediting her with half of the net income toward her indebtedness. She never complained for seven years and we did it."

Although error may be committed in excluding certain evidence, if the same facts are later shown by other evidence, there is no ground for a new trial. *Hawes v. Bank of Elberton,* 124 Ga. 567 (3) (52 SE 922); *Mackenzie v. Minis,* 132 Ga. 323 (9) (63 SE 900).

■ The fifth enumeration of error is upon a portion of the charge to the jury as follows: "You arrive at what you believe is right and what you believe is equitable and what you believe is just and what you believe is fair and proper, under all the circumstances of the case, taking into consideration both the evidence, that is the oral testimony, and such exhibits as has [sic] been admitted for your consideration." We have examined this enumeration of error, and it is without merit.

■ The sixth enumeration of error complains of the court's failure to grant appellant's motion for a mistrial. Appellant moved for a mistrial on the grounds that counsel for appellee referred to one of appellant's witnesses as a "gambler" in his closing argument to the jury when there was no evidence that the witness was a gambler. Counsel for appellee admitted before the jury that he made a slip of the tongue. Since we reverse the judgment of the trial court for the reason set out in Division 1 and there is no indication that such a statement would be made again upon the re-trial of the case, we do not find it necessary to rule on this enumeration. *Harris v. State,* 188 Ga. 745, 752 (4), supra.

■ The seventh enumeration of error is a general one in which appellant assigns error on the trial court's failure to sustain each and every ground of his motion for a new trial. The remaining special grounds of the motion for a new trial, Nos. 2, 3 and 8, not having been argued orally or by brief, are considered abandoned.

■ Turning to the general grounds of the motion for a new trial, we have reviewed the evidence presented upon the trial of the case and conclude that there was sufficient evidence upon which the jury could have rendered a verdict for the defendant-appellee. The presumption in favor of appellee under *Code* § 108-116 and appellant's evidence would be sufficient to present a question for the jury as to whether the presumption was re-

butted. *Adams v. Pafford*, 79 Ga. App. 477, 479 (54 SE2d 329).

For the reason stated in Division 1, the court erred in overruling appellant's motion for a new trial.

*Judgment reversed. All the Justices concur.*