## Rebecca Laskey, Appellee, v. Abe Laskey, Appellant.

### Gen. No. 27,138.

1. APPEAL AND ERROR—*dismissal of appeal for inequitable conduct of defendant.* An appeal by defendant from a decree dismissing a cross-bill for divorce and awarding the wife her separate maintenance will be dismissed where defendant, by disobedience of the trial court's order that he pay complainant her solicitor's fees and the costs of printing her brief on appeal, has made it impossible for her to present her case on appeal, it appearing that defendant had fled from jurisdiction or concealed himself after being adjudged guilty of contempt for failing to pay such solicitor's fees and costs of brief.

2. APPEAL AND ERROR—*waiver of error by failure to argue.* Points made on appeal in appellant's brief are waived under Appellate Court rule 19 where no attempt is made to argue the points urged either in their order or otherwise, but a mere general statement in lieu of argument is contained in the brief.

Appeal from the Superior Court of Cook county; the Hon. HARRY A. LEWIS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1921. Appeal dismissed. Opinion filed November 29, 1922.

WILLIAM H. TUTTLE and S. G. MUFFETT, for appellant.

BLOCK, MULKS & FEIGENHOLTZ, for appellee.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Rebecca Laskey filed her bill for separate maintenance against her husband, Abe Laskey. He was served with summons, filed his answer and afterwards filed a cross-bill in which he sought a divorce from his wife. She answered the cross-bill and replications were filed. Afterwards a decree was entered dismissing his cross-bill and awarding her separate maintenance, from which he prosecutes this appeal.

The defendant has filed the record, abstracts and his brief in this court but no brief has been filed on behalf of complainant. But her counsel has filed a motion to dismiss the appeal, which motion was reserved to the hearing. The motion is supported by a affidavit in which it is set up that after the entry of the decree and after the defendant had filed the record and the abstracts and briefs in this court an order was entered by the chancellor ruling defendant to pay to complainant $200 as and for her solicitor's fees and for the cost of printing her brief in this court; that defendant refused and neglected to comply with the order, and that afterwards a rule on defendant to show cause why he should not be adjudged in contempt of court for such failure was entered by the chancellor; that the matter came on for hearing before the chancellor and an order was entered adjudging defendant in contempt of court and he was committed to the county jail for a period not to exceed six months or until he paid the $200 as ordered. The affidavit further sets up that from this last order defendant prayed an appeal to this court; that the time for perfecting such appeal has passed and the appeal has never been perfected; that after the time had passed, some matters in the case, the nature of which does not appear, came on for hearing before the chancellor; that defendant did not appear but was represented by his counsel; that his counsel stated in open court that he did not know the whereabouts of his client, the defendant; that he did not know where he could be found and that defendant had concealed himself and that his counsel could not produce him. The affidavit further states that the affiant had made diligent search to locate defendant and had inquired of all persons and visited all places where he might reasonably have expected to find defendant, but could obtain no information concerning him except that he had fled from the jurisdiction of the court or was concealing himself in

Cook county.  The affidavit further recites that complainant was unable to pay the fees of her solicitor to prepare and file briefs in this court and was unable to pay the costs of printing such briefs.

Notice of this motion together with a copy of the affidavit in support of it was served on counsel for the defendant.  Under the rules of this court defendant was given time within which to file counter-suggestions to that motion, but that time has since expired and no counter-suggestions have been filed.

Although the suggestions in support of the motion set up matters under oath that occurred after the decree was entered and after the appeal had been perfected in this court, yet we think we are warranted in considering the matters set up in the affidavit, and since they have not been traversed by counter-suggestions or any other way, we should presume them true. *Wick v. Chicago Tel. Co.*, 277 Ill. 338.  In that case after an appeal had been perfected in this court from an order of the superior court of Cook county denying a writ of mandamus, a motion to dismiss was made on the ground that the question to be decided was then but a moot question, and this was shown by affidavits in support of the motion to dismiss.  It was held that the affidavits could properly be considered.

In the instant case, therefore, it appears that the defendant was properly ordered to pay complainant sufficient money to enable her to present her case in this court.  This he refused to do.  In these circumstances we do not believe he should be permitted to have the court pass on the merits of his appeal when only his side is argued, and he having been found by the chancellor to be able to pay and having been adjudged in contempt of court for failure to comply with that order, we think he ought not now be given a hearing in this court and the motion, therefore, to dismiss the appeal is allowed.

We might, however, say that even upon defendant's

presentation here there is nothing before us to review. Counsel for defendant in the statement of their case as set forth in their brief and argument for defendant assign nine different errors. Following this they make six points in their brief and cite authorities. Following this is the only argument which appears, which is as follows:

"There is apparently no necessity for an extended argument in this case. The appellant relies upon errors numbered I, IV, V, VI and IX, as assigned. The present-day loose method of practicing law is exemplified in the bill of complaint filed herein. The bill prays for nothing specifically or generally. Through this bill the complainant comes to the door of equity and when it is opened asks for nothing except her fare for getting there. The bill does not show equity and no relief can be granted thereon.

"Further than this, there are no specific findings sufficient to sustain that portion of the decree that provides for separate maintenance, for payment of an allowance for separate maintenance or for attorney's fees, and the evidence has not been preserved in the record.

"The decree so far as it attempts to grant any relief under the bill of complaint should be reversed and the bill of complaint dismissed for want of equity."

This is not in compliance with rule 19 of this court which specifically sets forth how the brief and argument should be arranged. Among other things, rule 19 provides that after the brief of points and authorities has been made this "may be followed by an argument in support of such brief, which should be distinct therefrom but bound with the same. The argument shall be confined to a discussion and elaboration of the same points contained in the brief and none other, and the points shall be argued in the order in which they are made; a point made but not argued may be considered as waived."

The Supreme Court and this court have repeatedly announced that where points are made in a brief but

not argued, they may be considered as waived. The points made in the brief here are not argued at all. There was no attempt made to. comply with rule 19 in the instant case.

*Appeal dismissed.*

THOMSON, P. J., and TAYLOR, J., concur.