Louis Belofsky, Appellee, v. Carl J. Johnson et al., Defendants. Madison & Kedzie State Bank, Trustee, and Chicago Title and Trust Company, First Successor in Trust, Appellants.

Gen. No. 35,989.

Opinion filed May 10, 1932.

Winston, Strawn & Shaw and Walter V. Fackler, for appellants; Harold Beacom, Richard H. Hollen and Anthony L. Michel, of counsel.

Aaron Soble and William Feldman, for appellee.

Mr. Presiding Justice O'Connor delivered the opinion of the court.

By this appeal the defendants seek to reverse an order entered by the superior court of Cook county, appointing a receiver of an apartment building. The appointment was made on the verified bill of the complainant.

The record discloses that on January 25, 1932, plaintiff claiming to be the owner of two $500 first mortgage real estate bonds of an issue of $52,500, filed his bill alleging that there was a vacancy in the trusteeship of the trust deed conveying the apartment building as security for the bond issue; that the vacancy occurred by reason of the fact that the defendant, Madison & Kedzie State Bank, trustee, which conducted a banking and trust business in Chicago, was closed by the auditor of public accounts, and a receiver appointed by him; that the appointment had been confirmed by the superior court of Cook county; and praying that the court appoint a trustee, and pending the appointment a receiver be appointed of the premises to collect the rents, issues and profits.

It was further alleged that the interest on the bonds fell due on May 2 and November 2 of each year, and that they were payable at the office of the defendant bank; that the maker of the bonds and trust deed had subsequently transferred the property to the defendant, Johnson; that the trust deed pledged the rents as security for the payment of the bonds; that all payments on account of the indebtedness had been made up to May 2, 1931, on which date there was a default in payment of interest and part of the principal; that the

defendant trustee bank was insolvent and had ceased doing business and was now being administered by the auditor of public accounts, who filed a bill against it under the statute on October 31, 1931, in the superior court of Cook county; that on November 2, 1931, an order was entered in that case confirming the appointment of Will H. Wade as receiver of the bank and directing the receiver "within a reasonable time to have executed and delivered the resignation of said bank from the various trusts occupied and administered by said bank including the trust created" under the trust deed. It further alleged that the trust deed provided that in case of the resignation or refusal of the bank to act as trustee under the trust deed, the Chicago Title & Trust Co. was appointed first successor in trust and the Chicago Trust Company second successor in trust; that since the defaults in payment of interest and part principal due May 2, 1931, it was necessary for the trustee to take action to protect the interest of the bondholders; that the complainant, upon learning of the incapacity of the bank to act, requested the Chicago Title & Trust Company, and later the Central Republic Bank & Trust Co., which succeeded the Chicago Trust Co., to act as trustee under the trust deed, but that they refused to do so; that by reason of this fact the office of trustee under the trust deed became and was vacant; that there was no one to whom payment could be made of principal or interest under the trust deed on account of the vacancy in the office of the trustee, and no one to enforce the pledge of rents under the provision contained in the trust deed; that the premises were improved with a three-story brick building containing 15 apartments worth not to exceed $25,000; that the amount of the indebtedness remaining unpaid exceeded $30,000.

It was further alleged upon information and belief, that the owners of the equity had deposited with the bank both prior to and since its insolvency, consider-

able sums of money which had been "used by said bank for the purpose of repaying itself for advancements on account of the purchase or payment of bonds . . . that the lien of said trust deed as security for said advancements is subordinate" and inferior to the lien of the trust deed; and that complainant fears that if other sums were paid to the bank or to Wade, the receiver, the moneys would also be used in the repayment of subordinate securities. The bill further sets up that the costs and expenses of the complainant are necessary and proper for the protection of the trust estate and that under the terms of the trust deed he is entitled to be reimbursed for costs and expenses including "reasonable solicitor's fees and master's and stenographer's fees and charges"; that the owners of the other bonds exceeded 20 in number and are unknown to the complainant, but that if and when he obtains the names of the parties he will make them parties defendant.

Section 11 of the act in relation to banks (ch. 16a, ¶ 11, p. 171, Cahill's 1931 Statutes) provides that where a receiver is appointed by the auditor of public accounts of a bank, "Such receiver, under the direction of the Auditor, shall take possession of, and for the purpose of the receivership, the title to, the books, records and assets of every description of such bank, and shall proceed to collect all debts, dues and claims belonging to it, . . .

"Such receiver shall have authority to sue and defend in his own name with respect to the affairs, assets, claims, debts and choses in action of such bank. . . . As soon as can reasonably be done, he shall resign on behalf of said bank, all trusteeships, guardianships, conservatorships, and all appointments as executor and administrator, making in each case a proper accounting on behalf of said bank."

The court, in its order appointing the receiver in the instant case found, as alleged in the bill, that the

appointment of receiver Wade of the bank had been confirmed by an order entered in the suit brought by the auditor against the bank in the superior court of Cook county, and that in that case receiver Wade was ordered and directed to execute and deliver, within a reasonable time, the resignation of the bank as trustee of the trust deed involved herein, and the court further found in the order from which this appeal is taken, "that the office of Trustee under the Trust Deed above described has become and is vacant.'' There is no allegation in the bill, nor is there anything in the record, to show or indicate that Wade, the receiver of the bank, had refused to resign on behalf of the bank the trusteeship mentioned in the trust deed. The statute requires that he do this "As soon as can reasonably be done, . . . making in each case a proper accounting on behalf of said bank.'' Nor is there any showing that he was not proceeding with due diligence in making an accounting on behalf of the bank as trustee. In these circumstances, it must be assumed that Wade, whose appointment had been confirmed by the chancellor, was performing his duties as required by the statute. We think it obvious that there was no vacancy in the trusteeship and therefore the court should not have appointed a receiver of the premises. Parties ought not be burdened with the expense of receiver's and solicitor's fees unless it is necessary under the law to do so. Moreover, the receiver Wade, who was in effect ousted from his duty of resigning as required by the order appointing him in accordance with the statute, was not made a party to the suit. We think it obvious that this was erroneous. That we are right in what we have said further appears from the affidavit filed by solicitor for the complainant, in support of his motion made to dismiss the appeal in this case, wherein he swears that on April 8, 1932, he communicated with the receiver Wade, and inquired whether Wade had resigned on behalf of the bank the trusteeship and Wade informed

him that he had resigned on February 5, 1932. This affidavit may properly be considered here. *Wick v. Chicago Telephone Co.*, 277 Ill. 338; *Eastman v. Dole*, 213 Ill. App. 364; *Laskey v. Laskey*, 226 Ill. App. 566.

For the reasons stated the order appealed from is reversed.

*Order reversed.*

McSurely and Matchett, JJ., concur.