Hyman Epstein, Appellant, v. Israel Choldenko et al.,
Appellees.

Gen. No. 36,384.

Opinion filed October 25, 1933.

SHULMAN, SHULMAN & ABRAMS, for appellant; MEYER
ABRAMS and JULIUS E. EPSTEIN, of counsel.

IGNATZ SPITZ, for Second Security Bank of Chicago,
as successor-trustee and intervening petitioner; MIL-
LARD R. ELMES and WILLIAM V. BARNETT, of counsel.

MR. JUSTICE WILSON delivered the opinion of the
court.

The complainant filed his bill in which he charged
that he was the owner of two bonds, of the value of
$500 each, secured by a trust deed conveying the prem-
ises at 3558–60 Cortland street, Chicago, to the Chicago
Lawn State Bank in trust as security for an in-

debtedness of $37,500 and recorded in the recorder's office of Cook county. The bill further charges that a default was made in the payment of the semiannual interest on August 15, 1931, and that subsequently the Chicago Lawn State Bank, trustee, closed its doors and ceased to function as a banking institution, and that Irwin T. Gilruth was appointed as its receiver and was in possession of all the bank's assets; that more than 30 days have elapsed since a vacancy in the trusteeship occurred and that a majority of the bondholders have failed to appoint a new trustee, in accordance with the trust deed, and, therefore, complainant prays that a trustee be appointed, and, in the event 60 days shall expire from the day of default, that the new trustee so appointed may join with complainant in a bill to foreclose. The bill also asks for the appointment of a receiver during the pendency of the suit. The mortgagors, the owners, the receiver Gilruth, the trustee and bond owners were made parties defendant to the bill.

October 16, 1931, an amendment to the bill of complaint was filed, charging that 60 days had elapsed since the default and therefore complainant elected to declare the whole amount due. An intervening petition was filed in said cause by leave of court, from which it appears that upon the 26th day of October, 1931, Gilruth, the then authorized and acting receiver of the Chicago Lawn State Bank, did tender his resignation as trustee. This resignation, in accordance with the terms of the trust deed, was duly recorded in the office of the recorder of deeds of Cook county. These facts are admitted by the answer of the complainant to the petition of the respondent. The petition further charges that on the 28th day of October, and after the resignation of the said Gilruth as receiver and trustee, there being a vacancy in the office of trustee in question, the bondholders being a majority in the

number and amount of the bonds issued, in writing appointed the Second Security Bank of Chicago successor-trustee the intervenor in this action, which appointment was accepted and recorded in the office of the recorder of deeds.

The cause came on for hearing before the chancellor of the circuit court on April 23, 1932, on the bill of complaint, the intervening petition of the Second Security Bank of Chicago, the answer of the complainant to the intervening petition and the answer to the bill of complaint and the amendments thereto, and an order was entered dismissing the bill of complaint and denying complainant's motion for a successor-trustee and for a receiver.

It is insisted that the bill stated a meritorious cause of action and that it was error to enter a decree for want of equity when there were issues raised by the bill and answer.

On the other hand it is contended on behalf of the defendants, parties to the bill of complaint, as shown by the bill and the intervening petition and answer thereto, that there was no vacancy as trustee at the time of the filing of the bill nor at any time thereafter which would entitle complainant to the appointment of a trustee.

The trust deed by its terms provides as follows:

"The trustee herein or its successors in trust may resign or discharge itself or themselves and from the trust hereby created by resignation in writing filed in the Recorder's office of said county, and in case of a vacancy in the office of Trustee or otherwise, a successor or successors may be appointed by the holder or holders of a majority of the bonds then outstanding by an instrument in writing duly signed and acknowledged by them, which said instrument shall be recorded in the office of the Recorder of Cook County, Illinois; or in case said holder or holders do not agree in the

appointment of a new Trustee within thirty (30) days after such vacancy shall occur, then the holder or holders of any of said bonds may apply to the Circuit Court of Cook County for the appointment of a new Trustee or Trustees upon such notice as such court shall prescribe to be given in such manner or upon or to such party or parties, person or persons as such court shall direct, or upon such notice as shall be in accordance with the rules and provisions of the court, and such Trustee or Trustees so appointed by such majority in interest of said bondholder or bondholders or by such court, shall, on its, his or their acceptance of its, his or their appointment thereby and thereupon become and be vested with all the powers, rights, estates and interests granted or conferred upon said party of the second part herein by these presents and without any further assurance or conveyance whatsoever; . . ."

Chapter 16a, ¶ 11, Callaghan's Illinois Statutes Annotated, as amended by laws of 1929, and submitted to the people and adopted November 4, 1930, contains the following provision:

"Such receiver shall have authority to sue and defend in his own name with respect to the affairs, assets, claims, debts and choses in action of such bank. He shall also have the authority and it shall be his duty, under the direction of the Auditor, to surrender to customers of such banks their private papers and valuables left with said bank for safekeeping upon satisfactory proof of ownership. As soon as can reasonably be done, he shall resign on behalf of said bank all trusteeships, guardianships, conservatorships and all appointments as executor and administrator, making in each case a proper accounting on behalf of said bank. He shall have the power and authority to redeem or take down collateral hypothecated by said bank to secure its notes or other evidences of indebted-

ness whenever the Auditor deems it to the best interest of the creditors of said bank so to do, and to do such other things and take such other steps from time to time under the direction and approval of the Auditor as may reasonably appear to be necessary to conserve the trust estate and secure the best interests of the creditors of said bank.'' This chapter is entitled, ''Banks'' and relates to the duties of a receiver of a bank when appointed and it appears to have been the purpose of the enactment to clothe the receiver with the power of doing those things and assuming those duties which originally belonged to the bank before the receivership proceedings. This section expressly provides that as soon as can be reasonably done, he shall resign on behalf of said bank, all trusteeships, guardianships, conservatorships and all appointments as executor and administrator. The entity of the bank still remained, however, until final dissolution. Banks, 3 R. C. L. sec. 279, p. 650.

The bill of complaint expressly charges that Irwin T. Gilruth was the receiver of the Chicago Lawn State Bank which had ceased to function as an institution and had been closed by the auditor of public accounts in accordance with the Banking Act of this State. The bill does not charge that this receiver had resigned from his trusteeship, as provided by the statute, but it is expressly charged in the petition filed in the proceedings, that at the time of the filing of the bill and up to October 26, at which time the amendment to the bill had been filed, Gilruth was still the acting and qualified receiver of the Chicago Lawn State Bank. If, in accordance with the act entitled ''Banks,'' he was clothed with the duties of trusteeship, which by law he was compelled to resign within a reasonable time after his appointment, the bank still retaining its entity, then there was no vacancy in the trusteeship and the bill was premature. The election held by the majority of

the bondholders on October 28, after his resignation, however, was a legal, valid election of a new trustee, which was in accordance with the law and duly recorded with the recorder of deeds of Cook county. Such being the fact, the bill was premature and was properly dismissed.

The complainant was the owner of two bonds. The election of a trustee by the majority, represented the choice of the bondholders holding $27,700 out of the total bond issue. Even aside from the strict legal construction of the Banking Act as applied to the facts shown by the pleadings in this cause, the equities were with the defendants.

For the reasons stated in this opinion, the decree of the circuit court dismissing the bill for want of equity is affirmed.

*Decree affirmed.*

HALL, P. J., and HEBEL, J., concur.