John Murphy, Complainant. Cecil Erickson and Benjamin G. Kilpatrick, Defendants in Error, v. Country Club Building Corporation et al., Plaintiffs in Error.

Gen. No. 36,734.

Opinion filed November 8, 1933.

Marshall A. Pipin, for plaintiffs in error.

Harry A. Biossat, for defendant in error John Murphy.

Mr. Justice McSurely delivered the opinion of the court.

Axel Levander, and others, assert in this court that they are the owners of certain bonds secured by a trust deed, who were made parties, as unknown owners, in a certain proceeding brought by John Murphy,

one of the bondholders, against the mortgagor, Country Club Building Corporation, wherein the court was asked to appoint a successor trustee, alleging that the Stony Island State Savings Bank, named as trustee in the deed of trust, was disqualified. The chancellor appointed Benjamin G. Kilpatrick successor trustee, and by subsequent decrees appointed Cecil Erickson successor trustee.

Axel Levander sued out a writ of error from this court as the owner of one of the bonds, and made a large number of other persons, holders of similar bonds, coplaintiffs in error who have joined with Levander in this writ of error. They seek the reversal of the decrees appointing a successor trustee.

The bill of complaint alleges that it is brought by complainant on behalf of himself, the owner of a bond for $1,000, and on behalf of other owners and holders (unknown) of the issue of bonds executed by the Country Club Building Corporation secured by trust deed to the Stony Island State Savings Bank, as trustee, conveying certain real estate in Cook county, Illinois; that the original bonded indebtedness was $1,000,000; that Irwin T. Gilruth has been appointed receiver of the Stony Island State Savings Bank and is acting as such receiver, and that the Stony Island State Savings Bank is therefore disqualified from acting as such trustee; that the trust deed does not appoint a successor trustee and specifies no method for such appointment, and that unless a successor trustee is appointed no action can be taken by the bondholders to foreclose the trust deed and that all of the bonds are due; complainant alleges that the Country Club Building Corporation is the legal owner of the premises conveyed by the trust deed, and makes the holders and owners of the other bonds parties as "unknown owners."

After a hearing on April 15, 1932, the court appointed Benjamin G. Kilpatrick successor trustee, and

on May 24, 1932, and again on June 18, 1932, entered orders appointing Cecil Erickson successor trustee, superseding Kilpatrick; none of these decrees provided that the Stony Island State Savings Bank should be removed as trustee; neither the bank nor the receiver of the bank was made a party to this proceeding.

The plaintiffs in error say that these decrees appointing a successor trustee are void under the ruling of this court in *Belofsky v. Johnson*, 266 Ill. App. 351. In that case we had under consideration a similar proceeding. A receiver had been appointed for the trustee named in the trust deed and the court was asked to appoint a successor trustee, and pending this appointment that a receiver of the premises be appointed. We held there was no vacancy in the trusteeship; that section 11 of the Act (ch. 16a, ¶ 11, Cahill's Illinois Revised Statutes) provides that the receiver of a bank may sue and defend in his own name with respect to the affairs of the bank, and "as soon as can reasonably be done he shall resign on behalf of said bank all trusteeships . . . making in each case a proper accounting on behalf of said bank." In that case we reversed the order appointing a receiver on the grounds that there was no vacancy in the trusteeship and that the receiver of the bank, who was in effect ousted from his duty of resigning as trustee, was not made a party. Those two factors are present in the instant case. There was no vacancy in the trusteeship which required the court to appoint a successor trustee, and neither the Stony Island State Savings Bank nor its receiver was made a party to this proceeding. In *Mason v. Bloomington Library Ass'n*, 237 Ill. 442, it was held that the court has no power to appoint a successor trustee until there is proof that a vacancy existed.

Counsel for complainant seems to concede that these decrees are void and makes no argument in their sup-

port. He challenges the method by which these plaintiffs in error sue out this writ of error.

It has been held in many cases that an interested party who has not been made a party in the trial court, upon showing that he has an interest in the litigation, may sue out a writ of error. *Anderson v. Steger,* 173 Ill. 112; *People v. O'Connell,* 252 Ill. 304; *People v. Evans,* 262 Ill. 235; *People v. Harrigan,* 294 Ill. 171. The proper procedure is prescribed in the following cases: In *Unknown Heirs of Bowles v. Rouse,* 3 Gilm. (Ill.) 408, it was held that it was not proper to prosecute a writ of error in the names of "unknown heirs," but that such writ must be in the name of the person prosecuting the writ. Also to the same effect is *Kircher v. Keating & Sons Co.,* 145 Ill. App. 1. In *Napper v. Short,* 17 Ill. 119, the court said, "where the record does not disclose who the real plaintiffs in error are, the party or attorney prosecuting the writ should file a praecipe with the clerk of this court, describing, by a full statement of the names of each of the parties to the judgment sought to be reversed"; that the assignment of errors is in effect the complaint or declaration of the plaintiff in error. In *Winne v. People,* 177 Ill. 268, it was held that the interest of the plaintiff in error must be alleged in the assignments of error and that without the filing of a special plea denying the facts so alleged, they will stand admitted. The necessity of filing such a plea was also stated in *Gibler v. City of Mattoon,* 167 Ill. 18. Examination of the praecipe in the instant case and the assignments of error show that plaintiff in error Levander correctly followed the practice thus prescribed. The other holders of the bonds have joined with him as coplaintiffs in error and have adopted the assignments of error.

Cases cited by counsel for Murphy are not contrary. In *Wuerzburger v. Wuerzburger,* 221 Ill. 277, the par-

ties suing out the writ of error sought to show their interests only by filing an affidavit, which was not a part of the praecipe, and the assignment of errors failed to show the interest of plaintiffs in error. In *Hauger v. Gage,* 168 Ill. 365, the court merely held that the parties suing out the writ were not the defendants in the original proceedings and that as the judgment below did not bind them there was no point in their bringing the matter to the Supreme Court. In the other cases cited the question of procedure where a party is made defendant as an unknown owner was not involved.

Counsel argues that the plaintiffs in error should have proceeded under section 19 of the Chancery Act, Cahill's St. ch. 22, ¶ 19, which provides that when any final decree shall be entered against any defendant served by publication, he may come in within one year after the decree and petition the court to set aside the decree. Plaintiffs in error were not limited to the proceedings under that section. They had the right to proceed either under section 19 or to sue out the writ of error in the manner they have done. In *Wellington v. Heermans,* 110 Ill. 564, it was held that section 19 was intended to give an additional remedy and not to take away or limit the right of a party to proceed by a writ of error. To the same effect are *Harper v. Mangel,* 98 Ill. App. 526, and *Chapman v. Northern Trust Co.,* 219 Ill. App. 492, affirmed in 296 Ill. 353. Nothing to the contrary is decided in the cases presented by the complainant.

Counsel for the complainant in his brief and oral argument made certain charges of collusion between the plaintiffs in error and the Country Club Building Corporation. This is not before us. The plaintiffs in error are said to represent more than 97 per cent of the total bonds outstanding. They are vitally interested in the proceedings in the lower court, in which

they were never made parties by name nor represented by counsel. Their right to appear in this court and object to the proceedings in the lower court is too obvious to need discussion.

The decrees appointing a successor trustee were void. We therefore hold that the decree of April 15 appointing Benjamin G. Kilpatrick successor trustee, and the decrees of May 24 and June 18, 1932, appointing Cecil Erickson, each and all of them are reversed and the cause is remanded.

*Reversed and remanded.*

MATCHETT, P. J., and O'CONNOR, J., concur.