The West Side Trust and Savings Bank of Chicago, Appellant, v. John Kempston et al., Defendants. Earl Morris, Intervening Petitioner, Appellee.

Gen. No. 37,438.

Opinion filed May 10, 1934. Rehearing denied May 21, 1934.

John M. Lee and Carl M. Loos, for appellant.

Maxwell L. Rubin, for appellee.

Mr. Presiding Justice Hall delivered the opinion of the court.

This is an interlocutory appeal from a decree appointing a receiver for real estate in a proceeding brought to foreclose a trust deed given to secure the payment of bonds. A motion to dismiss the appeal has been reserved to the hearing.

The receiver was appointed on the intervening petition of a minority bondholder filed in the foreclosure proceeding. There was no showing made other than by the alleged facts set forth in the petition.

On November 29, 1932, the West Side Trust and Savings Bank, complainant in this foreclosure proceeding, filed its bill as trustee under a trust deed given to secure the payment of certain bonds, executed by John Kempston and Nellie Kempston, his wife, who were also the makers and signers of the trust deed. It is alleged in the bill that defendants had defaulted in the payments agreed by them to be made, and in other particulars, including the failure to pay taxes levied on the mortgaged premises. The trustee had entered into and was in possession of the premises at the time the bill to foreclose was filed. Of the $140,000 of bonded indebtedness which the trust deed was given to secure, as shown by the bill, $15,000 had been paid, leaving a balance due of $125,000 of bonds, in addition to interest and taxes unpaid, of which bonds the intervening petitioner is alleged to be the owner of $8,000 thereof.

This trust deed provides among other things that "The trustee accepts the trust imposed upon him by this indenture and certifies said bonds upon and subject to the following expressed terms and conditions: Trustee shall not be responsible for or by reason of any recitals herein or in said bonds, nor . . . for keeping down or paying taxes, charges, assessments or liens on the same or otherwise as to the maintenance of the security hereof, or for the use of the bonds secured hereby, or the proceeds thereof, or liable for the non-compliance with any acts, rules, regulations, orders and directions of any legislative, executive, administrative or judicial body applicable to the mortgaged property, or any part thereof, or to this indenture, or the bonds described in and secured hereby.

. . . The trustee shall not be required to take notice of or be deemed to have notice of any default hereunder unless specifically notified in writing of such default by the holder of one or more of the bonds issued and outstanding hereunder, and all notices or other instruments required by this indenture to be delivered to the trustee must, in order to be effective, be delivered at the office of the trustee. *In case the trustee hereunder shall resign, be removed, or be dissolved or otherwise become incapable of acting hereunder, a successor or successors may be appointed by the holder or holders of a majority in amount of the bonds then outstanding hereunder, by an instrument or concurrent instruments in writing duly signed by them and of record in the Recorder's office of the county or counties wherein the mortgaged property is located; or in case said bond holder or holders shall not appoint a new trustee or trustees, as aforesaid, within thirty days after any such vacancy shall occur, then the holder or holders of any one or more of said bonds may apply to any court in the county or counties wherein said mortgaged property or any part thereof is located, having general chancery jurisdiction for the appointment of a new trustee hereunder, upon such notice to such person or persons as the court may direct, or upon such notice as shall be in accordance with the statute or rules of such court.*"

On January 24, 1934, Earl Morris, by leave of court entered on that day, filed an intervening petition in the cause, wherein, among other things, it is recited that he is the owner of $8,000 of the bonds secured by such trust deed, that the foreclosure proceeding hereinbefore referred to had been instituted; that subsequent to the filing of the bill of complaint in the cause, the complainant, the West Side Trust and Savings Bank, as trustee, entered into possession of the premises conveyed by said trust deed and collected the

rents, issues and profits therefrom; that subsequent thereto on or about May 1, 1933, the West Side Trust and Savings Bank closed its doors and ceased doing a general banking business; that *thereafter* by order of the auditor of public accounts for the State of Illinois, William L. O'Connell was appointed receiver for the West Side Trust and Savings Bank; that by reason thereof and by reason of the fact that the West Side Trust and Savings Bank is no longer conducting a general banking business, it has become incapable of performing the duties necessarily attendant upon the office of trustee under the trust deed, especially in so far as it is and has been for a long time past, incapable of properly operating and managing the premises involved as a trustee in possession; that the premises involved were forfeited for the general taxes for the year 1928; that there now remains due for general taxes levied against said premises taxes for the years 1929, 1930 and 1931; that the West Side Trust and Savings Bank, as trustee, knew for a long period of time prior to the filing of the bill of complaint in said cause that the taxes were due and owing, but remained unpaid, and yet this trustee failed to notify the bondholders of the tax situation so that the bondholders might protect their interest in the premises; that notwithstanding the fact that this trustee knew of the tax defaults it permitted and caused to be made extensions of the maturity dates of certain bonds described; that the petitioner and other owners and holders of bonds maturing on and after October 20, 1932, were not notified that such bonds were not paid and that said bonds had been extended; that the trustee was wilfully negligent and was guilty of wilful misconduct in failing to notify and apprise the petitioner and other bondholders that said bonds were not paid, but were extended; that because of the above representations, the bonds described should be declared to

be subordinated to the bonds held by petitioner and other bondholders; that the West Side Trust and Savings Bank, a corporation, individually, subsequent to the issue of the bonds described, purchased or paid for certain bonds which are now in the possession of said bank, and of which it now claims to be the owner, and that all such bonds should be determined to be subordinated to the lien of the trust deed as security for the bonds held by the petitioner Morris; that the trustee has been negligent in failing to proceed with the foreclosure proceeding instituted, and in failing to put the cause at issue and in failing to proceed to decree and sale; that it would be to the best interest of all the bondholders to have the proceeding determined by the entry of the decree of sale, and by having a sale of the property; that the premises are improved with a three-story brick building located at 201–211 South Lavergne avenue, Chicago; that the present fair cash market value of the property does not exceed the sum of $89,500; that there is due on account of bonds and interest coupons secured by the trust deed not subordinated by operation of law or otherwise, and upon general taxes an amount in excess of the sum of $125,000; that the premises are scant and insufficient security for the indebtedness; that waste has been and is being committed by reason of the prolonged nonpayment of taxes to the injury of the petitioner. The intervening petitioner prays that the West Side Trust and Savings Bank, trustee, be removed by the court, and that a successor in trust be appointed to properly protect the interest of the bondholders, and that pending the determination of the cause, a receiver be appointed to take possession and operate the premises. Notice was served on the solicitors for the complainant, trustee, on January 23, 1934, that this petition would be presented to the court the next day at 10 o'clock a. m. Thereafter, and without further showing, a hearing

was had by the court on this intervening petition, and an order was entered in the circuit court of Cook county on January 24, 1934, appointing E. H. White as receiver of the premises. In and by the decree, the court made the following finding of fact: "That there has been a default in the payment of the general taxes levied against said property for the years 1928 to 1931, both inclusive; that there is due and owing on the trust deed herein sought to be foreclosed in excess of $125,000; that the present fair cash market value of the said premises does not exceed $39,500, and that said premises are scant and insufficient security for the indebtedness secured by said trust deed." While the intervening petition alleges that the property in question is worth $89,500, and nothing was before the court on the application for the appointment of a receiver other than the petition, the court found the property to be worth $39,500, $50,000 less than the petition alleges it to be worth.

Among other grounds urged by the intervening petitioner for the appointment of a receiver is one to the effect that the West Side Trust and Savings Bank had closed its doors and ceased doing a general banking business; that a receiver had been appointed for the bank, and that such bank as trustee is therefore incapable of performing its duties as such. The trust deed provides that in case the trustee should resign, be removed, or otherwise become incapable of acting, a successor trustee might be appointed by the holder or holders of the majority of the bonds then outstanding, and that in case the bondholders should not appoint a new trustee within 30 days after such vacancy should occur, then and in that case the holder or holders of any one or more of the bonds might apply to any court in the county where the mortgaged property is located, for the appointment of a new trustee upon such notice to the persons interested, as the court

might direct. There is nothing in the record to indicate when this trustee became incapacitated, as alleged, except that in the intervenor's petition it is recited that the West Side Trust and Savings Bank closed its doors and ceased doing a general banking business on or about May 1, 1933, that thereafter a receiver for the bank was appointed, and that it was, therefore, incapable of conducting a general banking business. There is nothing in the intervening petition, nor in the finding of the court, to the effect that the property has produced any revenue out of which the trustee might have paid the taxes.

If the receiver of the bank was appointed, as alleged in the intervening petition, of which there is no finding by the court, the statute provides that "as soon as can reasonably be done, he (meaning the receiver of the bank) shall resign on behalf of said bank all trusteeships . . . making in each case a proper accounting." (Cahill's Revised Statutes, 1931, ch. 16a, ¶ 11.) It is recited by appellant in his brief that the receiver of the bank was appointed on January 12, 1934. Presuming this statement to be correct, and it is not disputed by petitioner, then there is no showing that the receiver of the bank, even if appointed, as alleged, had the opportunity, between the time he was appointed on January 12, 1934, and January 24, 1934, when the receiver herein was appointed, to comply with the statute. If the appointment of a receiver for the bank created a vacancy in the trusteeship, as alleged, then the majority of the bondholders should have been given an opportunity to elect a successor trustee, as provided by the trust deed. The intervening petitioner was a party to the foreclosure suit, and presumably fully apprised of the situation, and he had his remedy under the terms of the trust deed to petition the court for the appointment of a new trustee, if the trustee under the trust deed was incapacitated, incompetent or derelict in its duties.

The intervening petitioner cites the case of *Brown v. Foreman-State Trust & Savings Bank,* 270 Ill. App. 631 (Abst.), as decisive of the question as to whether or not the appointment of a receiver for a bank which is acting as trustee under a trust deed *ipso facto* results in a vacancy in such trusteeship, and justifies the appointment of a receiver for the property held in trust. In that case, after the appointment of the receiver for the trustee bank, the court entered an order removing the bank as trustee and appointing a successor trustee. The bank trustee and other defendants appealed from that decree, thus staying the authority of the successor trustee to act, and as this court said in its opinion, thus ''rendering necessary the appointment of a receiver *pendente lite.*'' In the instant case, no such situation prevailed.

In *Belofsky v. Johnson,* 266 Ill. App. 351, a bill was filed to foreclose a trust deed, in which it was alleged that a vacancy had occurred by reason of the fact that the bank, trustee under the trust deed, had been closed by the auditor of public accounts, and a receiver appointed for such bank, and that the appointment had been confirmed by the superior court of Cook county. Upon this allegation, the superior court of Cook county appointed a receiver for the property involved. In the instant case there is no allegation in the intervening petition that the bank receiver's appointment, if made as alleged, had been confirmed by the court, as required by statute, and no finding by the court to that effect. In the *Belofsky* case, *supra,* this court said: ''We think it obvious that there was no vacancy in the trusteeship, and therefore the court should not have appointed a receiver of the premises. The parties ought not to be burdened with the expense of receiver's and solicitor's fees unless it is necessary under the law to do so.''

We are of the opinion that in view of the fact that the court in its finding held that the property in ques-

tion was worth but $39,500, which is $50,000 less than the value thereof set up in the intervening petition, that the majority of the bondholders under the trust deed were given no opportunity to elect a new trustee, as provided by the trust deed, that the intervening petitioner, upon a proper showing, might have had a new trustee appointed, that the receiver of the trustee bank was given no opportunity to comply with the statute, providing for an accounting and resignation by such receiver of its trusteeship, that there was no evidence of any income to pay taxes, and finally, that the appointment of the receiver under the allegations contained in the petition was unwarranted and unjustified, that the decree of the circuit court of Cook county appointing such receiver should be and is reversed. In view of the holding of the court, it will be unnecessary to pass upon the motion to dismiss the appeal.

*Reversed.*

WILSON and HEBEL, JJ., concur.