In re Petition of William L. O'Connell.
L. H. Heymann et al., Appellants, v. William L. O'Connell, Receiver of West Side Trust and Savings Bank of Chicago, and Harry J. Reynolds, Appellees.

Gen. No. 37,846.

Opinion filed November 5, 1935.

JOHN M. LEE and CARL M. LOOS, both of Chicago, for appellants.

THOMAS D. NASH and MICHAEL J. AHERN, both of Chicago, for appellees.

MR. JUSTICE FRIEND delivered the opinion of the court.

January 12, 1934, the auditor of public accounts appointed William L. O'Connell receiver of the West Side Trust & Savings Bank, pursuant to the provisions of sec. 11 of an act to revise the law with relation to Banks and Banking (ch. 16a, sec. 11, Illinois State Bar Stats. 1935), and, thereafter, on January 15, 1934, he filed a bill in the superior court setting forth in substance that the bank's capital stock had become impaired, that its business was being conducted in an unsafe manner, that a receiver had been appointed by him, and invoking the court's jurisdiction for certain specified purposes, including the ultimate dissolution of the bank.

July 13, 1934, during the pendency of said dissolution proceeding, the receiver filed a petition in the circuit court alleging that he was the holder of certain first mortgage real estate bonds secured by various trust deeds on real estate in which the bank had been designated as trustee and praying for the appointment of a successor trustee, evidently upon the theory that his appointment as receiver was tantamount to the dissolution of the bank so as to render it unable to further act as trustee under provisions of the various trust

deeds in which it had been appointed. Pursuant to an *ex parte* hearing had on the day the petition was filed, without notice or service of summons on anyone, the court, on recommendation of the receiver's solicitors, appointed Harry J. Reynolds successor to West Side Trust & Savings Bank under all trust indentures in which the bank had been designated as trustee, many of which were pending under foreclosure before various chancellors of both the circuit and superior courts. This appeal followed.

The various trust deeds in which the bank had been designated as trustee contained the following provisions:

"In case the trustee hereunder shall resign, be removed or be dissolved or otherwise become incapable of acting hereunder, a successor or successors may be appointed by the holder or holders of a majority in amount of the bonds then outstanding hereunder, by an instrument or concurrent instruments in writing duly signed by them and recorded in the Recorder's Office of the county or counties wherein the mortgaged property is located; or in case said bondholders shall not appoint a new trustee or trustees hereunder as aforesaid within thirty days after any such vacancy shall occur, then the holder or holders of any one or more of said bonds may apply to any court in any county wherein said mortgaged property or any part thereof is located, having general chancery jurisdiction, for the appointment of a new trustee hereunder."

The only possible theory advanced for invoking the court's jurisdiction to appoint a successor-trustee is, as the receiver contends, and as the decree of the circuit court finds, that the appointment of the receiver by the auditor of public accounts was tantamount to a dissolution of the bank, and under the foregoing provision automatically disqualified the bank from further acting as trustee, and created a vacancy in the trustee-

ships. This contention is effectively disposed of by the recent case of *Dillon v. Elmore,* first determined by this court in 276 Ill. App. 548, and affirmed by the Supreme Court in *Dillon v. Elmore,* 361 Ill. 356. In discussing the question here under consideration, the court said:

''Appellant next contends that the instant Gilruth was appointed receiver under section 11 of chapter 16a (Cahill's Stat. 1933, p. 160; Smith's Stat. 1933, chap. 16½, p. 200;) there was an actual or 'practical' vacancy because the Englewood Trust & Savings Bank became incompetent to act as trustee; that the title to all its assets passed immediately to the receiver; that he is not given authority by that statute to administer the bank's trusts; that the amendment to section 11 of the Banking act, providing that receivers shall make an accounting of all the trusts within a reasonable time and on behalf of the banks resign such trusts, was passed in 1929, and would impair the obligation of the contract between the parties to the trust deed if construed to make receivers successors in trust, thus contravening section 10 of Article 1 of the Federal Constitution. Appellant cites *State v. Cantley,* 330 Mo. 942, 52 S. W. (2d) 397, *Young v. Bankers' Trust Co.,* 250 Ky. 1, 61 S. W. (2d) 904, and *City Bank and Trust Co. v. Graff,* 175 Ga. 340, 165 S. E. 238, in support of the proposition that in those States the statutes dealt with in the respective decisions cited did not expressly authorize receivers or liquidating officers to administer trusts, and therefore such receivers had no such authority. It is sufficient to say that those statutes had no provision similar to that contained in section 11 of our Banking act, providing for the accounting in a reasonable time and resignation of trusts by the receiver on behalf of the bank.

''Appellant also relies upon *Steenrod v. Gross Co.,* 334 Ill. 362, *Nelson v. Toluca State Bank,* 334 id. 83,

and *People v. Shurtleff,* 353 id. 248, in support of the proposition that appointing a receiver to take possession of the assets of a corporation and to distribute them is tantamount to dissolving the corporation by a decree in equity, and upon the *Shurtleff* case, *People v. Niehaus,* 356 Ill. 104, and *People v. Peoria Life Ins. Co.,* 357 id. 486, to support the proposition that a bank receiver cannot administer trusts on behalf of a bank. In answer to these two propositions it should first be remembered that a construction of the words of section 11 of the Banking act as to resignation and accounting of a bank's trusts was not before us. Without in any way questioning the correctness of the decisions which contain the statement that the appointment of a liquidating receiver of a corporation is tantamount to a dissolution by a decree in equity, nevertheless the actual dissolution of a banking corporation does not occur the instant the liquidating receiver of a State bank is appointed by the Auditor of Public Accounts. The corporation continues as a legal entity. (*Rosenblatt v. Johnson,* 104 U. S. 462; 3 R. C. L., sec. 291, p. 660.)

"In answer to the contention that the amendment to section 11 of the Banking act of 1929 would impair the obligation of the contract contained in the trust deed if it be construed to mean that the receiver for the bank is to carry on the trust as a successor trustee, it is sufficient to say that no such construction can properly be made of the language of this section as thus amended. The legislature had the power to provide that the receiver for the bank should make an accounting within a reasonable time and resign the trust on behalf of the bank. The bank thus is recognized as remaining trustee and remaining in existence as a legal corporate entity. No succession as trustee is expressed or implied by such language. A salutary provision is made for the aid of orderly transaction of

business looking to the welfare of parties whose rights might be adversely affected. Their contractual obligations are not impaired. There is, moreover, no charge in this bill that the receiver failed to act in a reasonable time, and no attempt has been made, if such were the case, to compel by appropriate court action the accounting and resignation of the trust by the receiver on behalf of the bank trustee. The bank continued to be the trustee until the receiver resigned the trust on its behalf on March 7, 1932.''

In their original brief counsel for defendants, who have appealed, rely on *Belofsky v. Johnson*, 266 Ill. App. 351; *Epstein v. Choldenko*, 272 Ill. App. 155; *Erickson v. Country Club Bldg. Corp.*, 272 Ill. App. 341; *West Side Trust & Savings Bank v. Kempston*, 275 Ill. App. 104; and *Chemical Nat. Bank of Chicago v. Hartford Deposit Co.*, 156 Ill. 522, to refute the contention of the receiver that his appointment was tantamount to the dissolution of the bank, and they argue that nowhere in sec. 11 is there a provision which in the slightest degree indicates that the appointment of a receiver for a bank should be treated, for any purpose whatsoever, as a dissolution. The subject was discussed in all of these decisions. In *Chemical Nat. Bank v. Hartford Deposit Co., supra,* the court drew an analogy between provisions of our act and those of the National Banking Act, concluding by saying (p. 526):

''We find nothing, in any of the sections of the law wherein a receiver is authorized to be appointed, which in the slightest degree indicates that an appointment should be treated, for any purpose whatever, as a dissolution of the corporation.''

In *Belofsky v. Johnson, supra,* after discussing that portion of sec. 11 of the Banking Act which requires the receiver to resign all trusteeships as soon as can reasonably be done, the court concluded by saying

(p. 355): "We think it obvious that there was no vacancy in the trusteeship and therefore the court should not have appointed a receiver of the premises." In *Epstein v. Choldenko, supra,* the court again in discussing the provisions of sec. 11 of the Banking Act, concluded (p. 159) that "the entity of the bank still remained, however, until final dissolution." In *Erickson v. Country Club Bldg. Corp., supra,* it was said (p. 343): "There was no vacancy in the trusteeship which required the court to appoint a successor trustee, and neither the Stony Island State Savings Bank nor its receiver was made a party to this proceeding." In *Mason v. Bloomington Library Ass'n,* 237 Ill. 442, it was held that the court has no power to appoint a successor trustee until there is proof that a vacancy existed. In *West Side Trust & Savings Bank v. Kempston,* the court, after reciting the various provisions of the trust deed by which successor trustees could be designated, said that (pp. 110, 112):

"If the appointment of a receiver for the bank created a vacancy in the trusteeship, as alleged, then the majority of the bondholders should have been given an opportunity to elect a successor trustee, as provided by the trust deed. . . . The majority of the bondholders under the trust deed were given no opportunity to elect a new trustee, as provided by the trust deed, that the intervening petitioner, upon a proper showing, might have had a new trustee appointed, that the receiver of the trustee was given no opportunity to comply with the statute, providing for an accounting and resignation by such receiver of its trusteeship, . . ."

The receiver seeks to distinguish these cases by relying upon sec. 11 of the Banking Act and cites other cases to support his position. This question, however, was likewise disposed of by the Supreme Court in *Dillon v. Elmore, supra,* as follows:

"It is contended that 'otherwise,' as used in article 12, 'and in case of a vacancy in the office of trustee or otherwise, a successor or successors may be appointed,' created a condition upon the appointment of a receiver for the bank which entitled the bondholders to appoint a successor trustee, and that therefore after the filing of the present bill the remaining bondholders lacked authority to appoint a successor trustee on June 17, 1932. Appellant attributes to that word the meaning that it contemplated incompetence, inability or disqualification. If we assume that it did, appellant's position is not improved. The appointment of a receiver for the bank did not of itself automatically create any incompetence, inability or disqualification as trustee on the part of the bank as a corporate entity, but section 11 of the Banking act maintained the bank's status as trustee until such reasonable time as the bank, through its receiver, should resign its trusteeship. We have carefully examined the cases from foreign jurisdictions cited by appellant in support of this contention. Each case involves some public office where there was an interregnum by actual or civil death or an absence from such office. The cases as applied to the facts and contract here do not sustain the position of appellant."

After default of the mortgage obligations upon the various issues in which the West Side Trust & Savings Bank had been designated as trustee, a bondholders' committee was created under an agreement dated December 30, 1931. It appears from the record that January 18, 1934, this committee, by an instrument in writing, appointed a successor trustee under those trust indentures in which the committee held a majority in amount of bonds then outstanding, and the appointee duly executed his acceptance of the trusts and recorded the same in the recorder's office. It is the receiver's two-fold contention that the purported appointments

by the bondholders' committee were void, because (1) under the trust deeds involved the bondholders could not delegate the power to appoint, to an agent, and (2) that the depositors' agreement is void in that it lacks mutuality and consideration, imposes no duties on the committee, and grants it the right to declare the agreement operative, to revoke it at will, or to construe it. Substantially all the time allotted to receiver's counsel on oral argument was devoted to these two propositions, and in fact counsel stated that the receiver would be content to rest his whole case on the validity of the bondholders' agreement, and that if it be valid the naming of a successor trustee by the committee was valid and the appointment of Reynolds by the circuit court was improper.

Holding as we do that the designation of William L. O'Connell as receiver by the auditor of public accounts was not tantamount to a dissolution of the bank, notwithstanding the finding in the decree of the circuit court and the contention of receiver's counsel, no vacancy existed in the various trusteeships, and therefore the question as to whether the bondholders' committee, the receiver as holder of bonds, or individual bondholders, had the right to name a successor is not before us. In *People ex rel. Barrett v. West Side Trust & Savings Bank,* 280 Ill. App. 308, we held that it was mandatory under the statute (sec. 11, ch. 16a, Cahill's Ill. Rev. Stat. 1933) upon the receiver appointed by the auditor of public accounts to resign, on behalf of the bank, all trusteeships ''as soon as can reasonably be done.'' In conformity with that opinion, the receiver will be required to resign all trusteeships on behalf of the bank. Then, and only then, will vacancies occur in these trusteeships, and the question may subsequently arise as to whether the bondholders' committee, the receiver or individual bondholders have the right to name a successor.

For the reasons stated, the decree of the circuit court will be reversed and the cause remanded with directions to vacate and set aside the decree appointing Harry J. Reynolds successor trustee to the West Side Trust & Savings Bank.

*Reversed and remanded with directions.*

SCANLAN and SULLIVAN, JJ., concur.